WIDDIFIELD and others *against* WIDDIFIELD.

IN ERROR.

1810.
_____
*Philadelphia,*
*Saturday,*
January 6.

WRIT of error to the Common Pleas of *Philadelphia* county.

This action was brought by *William Widdifield* the defendant in error, against *John Widdifield*, *William Turnbull* and *Anthony Morris*, the plaintiffs in error, as the drawers of a promissory note for four hundred dollars dated at *Lausanne* the 26th *June* 1806, and signed by *John Widdifield* with the firm of *John Widdifield* and company.

The existence of a written agreement of partnership between the defendants, does not preclude the plaintiff from proving a partnership by the actions or declarations of the parties.

Upon the trial of the cause, the plaintiff, to prove that the defendants were partners under the firm of *John Widdifield* and company, produced a witness, who deposed, that before the partnership commenced, *Anthony Morris* and *William Turnbull* came to *Lausanne*, where the three defendants had an agreement drawn up of partnership between them, whether written or printed he did not know, as he had not seen it; but he knew there was such an agreement, because *Turnbull* and *Widdifield* told him so.

The counsel for the defendants thereupon objected, that, as it appeared by the plaintiff's evidence, that if any such partnership as he alleged existed, it was contracted by a written instrument, no parol proof of the partnership could be received; but the written instrument should be produced, or if in the possession of the defendants, notice should have been given to them to produce it; and as it was not produced, nor any notice given, the plaintiff had not maintained the issue on his part, and therefore they prayed a nonsuit. The plaintiff's counsel then gave a written notice at the bar to produce the agreement; and the court, without however regarding the notice, refused the nonsuit for reasons which are not material.

The plaintiff afterwards produced another witness to prove that the alleged partnership existed; and he was opposed upon the same grounds. But the court admitted the evidence, and the defendants took a bill of exceptions to the decision upon both points.

1810.

WIDDIFIELD
v.
WIDDIFIELD.

Upon the argument in this court, various exceptions were taken to the record, and to the bill of exceptions; but the material question was the admissibility of the parol evidence.

Upon this point *Hopkinson* and *Ingersoll* for the plaintiffs in error, contended, that as the partnership was shewn to depend upon writing, the writing itself was the best evidence; and therefore the plaintiff should have produced it, or have done what was equivalent, that is, given notice to the defendants. *Peake's Ev.* 99, 100. 3d *ed.* The question was not whether a partnership may not be proved without writing, but whether, when a writing is shewn to exist, and the plaintiff's action is derived from it, it is not the best evidence. In trover for a bill of exchange, no evidence of the contents can be given without notice to produce it. *Cowan* v. *Abraham* (*a*). In *Bucher* v. *Jarratt* (*b*) it is stated to be the general rule, that where a written instrument is to be used as a medium of proof, by which a claim to a demand arising out of the instrument is to be supported, the instrument itself must be produced, or notice given to the opposite party; and there is no difference whether the instrument comes in by way of collateral evidence, or is the very deed upon which the action is founded. *Cole* v. *Gibson* (*c*), *Keely* v. *Ord* (*d*). The only exception to the rule is in criminal cases, where the notice to the defendant calls upon him to criminate himself. *The Commonwealth* v. *Messinger* (*e*). The moment it appears that the agreement referred to by the witness is in writing, no further account can be given of it by parol. *Hodges* v. *Drakeford* (*f*). In the present case, the article referred to might have been a limited partnership which did not authorize the note; or the note might have been signed after the partnership had expired by its own limitation, in which case it would not have bound *Morris* and *Turnbull*. *Lansing* v. *Gaine* (*g*). It cannot be objected with any plausibility, that the evidence was not offered to prove the contents of the agreement, because the very fact of partnership was part of the contents, and the witness in truth derived

(*a*) 1 *Esp.* 40.   (*d*) 1 *Dall.* 310.   (*g*) 2 *Johns.* 300.
(*b*) 3 *Bos. & Pul.* 146.  (*e*) 1 *Binn.* 273.
(*c*) 1 *Ves.* 505.   (*f*) 4 *Bos. & Pul.* 271.

his knowledge from the agreement. The plaintiff's counsel were it seems aware of this, by giving the notice at bar; but that can be of no avail, because it was not regarded by the court, and the rule requires a reasonable notice before the trial.

*Brown* and *Rush* for the defendant in error, answered, that as the bill of exceptions did not set out the evidence which the last witness was to give, the question for the court was whether the fact of partnership could be proved by any parol evidence, after a written agreement was shewn to exist. The evidence was not offered to prove the contents, but to shew, from the acts and declarations of the defendants, that such a partnership existed, as warranted the signature to the note in question. It might not be the same partnership to which the writing referred; it might be more or less general; but if it was identically the same, still it was competent to the plaintiff to prove it by parol, because his action did not depend upon the writing, according to the rule in *Bucher* v. *Jarratt*, but upon the fact, which might be proved *aliunde*, and because it was not intended to state a syllable of the contents. All evidence is according to the matter to which it is applied, and to the person against whom it is used. In *Radford* v. *M'Intosh* (*a*) the court held, that proof of the defendant having accounted with the plaintiff as farmer of the post-horse duty, was sufficient evidence of his being so, although he could not be so without an appointment by the lords of the treasury, or the commissioners of stamps. To the same point are *Bevan* v. *William* (*b*), and *Radford* v. *Briggs* (*c*). If the sheriff's warrant to his bailiff is to be proved, it must either be produced, or notice given; but in an action against the sheriff, his indorsement of the bailiff's name on the writ, is sufficient evidence that he was authorized. *Blatch* v. *Archer* (*d*), *The Queen* v. *Chapman* (*e*). Cohabitation as man and wife is sufficient proof of marriage to charge the husband with his wife's lodging; *Car* v. *King* (*f*); and in like manner, representations by the defendants would be sufficient to charge them as general partners, although arti-

(*a*) 3 *D. & E.* 632.
(*b*) 3 *D. & E.* 635. *note.*
(*c*) 3 *D. & E.* 637.
(*d*) *Cowp.* 63.
(*e*) 6 *Mod.* 152.
(*f*) 12 *Mod.* 372.

cles of partnership or an agreement existed, making them partners only to a special purpose. *De Berthon* v. *Smith (a)*. Their confessions and acts are sufficient for our purpose. If however the object was to prove the contents, we were entitled to do it for two reasons; first because we were not bound to give notice to the parties to produce a private and secret instrument in their keeping, and to which we were strangers; secondly, because reasonable notice was given. The defendants were prepared by the declaration for the evidence of partnership; and they must therefore have been ready to produce their own agreement on the shortest notice.

TILGHMAN C. J. In this case an exception was taken to two opinions of the Court of Common Pleas given in the course of the trial. The action was on a promissory note, signed by *John Widdifield* and company; and the question before the jury was, whether *John Widdifield, William Turnbull* and *Anthony Morris* were joint partners under the firm of *John Widdifield* and company. The plaintiff produced *George Widdifield* as a witness, who swore that " the three defen-" dants had an agreement drawn up of partnership between " them; but whether written or printed he did not know, as " he had not seen it; he knew there was such an agreement, " because *William Turnbull* and *John Widdifield* told him " so." After this evidence was given, the defendant's counsel insisted, that as the plaintiff's witness had proved, that if there was a partnership it was contracted by a written instrument, no parol proof could be received of the partnership, but the instrument itself should be produced to the jury, or if in possession of the defendants, notice should have been given to them to produce it; they therefore prayed that the defendant might be nonsuited. But the court refused to nonsuit him, and gave their reasons. It is unnecessary to give any opinion concerning the reasons assigned by the court, because whether they are good or bad, I think they were right in refusing the nonsuit. This court have declared their opinion in the case of *Girard* v. *Gettig (b)*, that the plaintiff's counsel cannot be nonsuited against their consent, but may insist on taking the verdict. If it is wished to have the opinion

(a) 1 *Esp.* 29.                    (b) *Supra* 234.

1810.

WIDDIFIELD
v.
WIDDIFIELD.

of the Court of Common Pleas examined on a writ of error, it will be necessary, instead of asking for a nonsuit, to state some specific point, and pray their opinion on it to be given in charge to the jury. In the case before us, it would have been altogether improper to nonsuit the plaintiff, because he might have other evidence to offer, independent of the written articles of partnership; and indeed from the subsequent proceedings, it appears that he had. The record goes on to state, that " after the court had refused to order a nonsuit, the " plaintiff produced a witness to prove that the partnership " existed." The defendant's counsel objected to the admission of this testimony; but the court declared that it should be received. The reason relied on by the defendant's counsel, for rejecting the testimony is, that parol evidence is inadmissible to prove the contents of a written instrument. But granting this principle to be in general true, it by no means follows that the testimony offered should have been rejected. It does not appear that there was any intention to give evidence of the contents of the articles of partnership. A partnership may be proved by the declarations and actions of the parties. Suppose the articles had been produced, and contained an agreement for a special partnership. Will it be said, that the partners might not afterwards form a general partnership by parol? Might not evidence be given of their confession of a general partnership, subsequent to the articles, or of their acting in such a manner as was inconsistent with any thing but a general partnership? How are the world to know any thing about instruments of writing made in secret between persons in trade? I believe it the general practice to have written articles of partnership; yet, amongst the numerous actions brought against partners, I have seldom known the partnership proved by production of the writing. In what manner the witness of the plaintiff proved the partnership in this case, does not appear. If the defendant's counsel thought it material, they might have specified it in the bill of exceptions. We must take the record as we find it. It is not said there that the testimony went to prove the contents of any writing, and we cannot presume that it did. In order to reverse the judgment it must appear with certainty, that the opinion of the court was wrong. I cannot

1810.

WIDDIFIELD
*v.*
WIDDIFIELD.

say that it does appear so, by this bill of exceptions. I am therefore of opinion that the judgment should be affirmed.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment affirmed.