Cutler *v.* Estate of Thomas.

---

## JAMES I. CUTLER *v.* ESTATE OF HENRY THOMAS.

The liability of individual members of an unincorporated joint stock company, formed in Canada, growing out of the association, must be judged of by the law of Canada, where the association was formed, and where their place of business was; though a bill of exchange drawn by them may be governed by the laws of the place where it is made payable.

And though the association was formed by contract in writing, or written articles of co-partnership; yet, when the suit is by a creditor of the partnership, the partnership may be proved by oral evidence of the actions, or declarations of the parties; but if the question be *inter se,* the only competent evidence of partnership would be the articles themselves.

XXV. 6

Cutler *v.* Estate of Thomas.

Each individual member of an¾unincorporated joint stock company, is liable for the debts contracted by the company.

ASSUMPSIT upon a bill of exchange. Plea, general issue, and trial by jury.

On trial, the plaintiff introduced and read, in evidence, the deposition of Moses D. Bean, John D. Campbell, and the bill of exchange, which was attached to the deposition of the said Campbell, and was as follows, viz:

"THE UNION BANK OF MONTREAL, LOWER CANADA."
" $850.                         Value received.   No. 253.
" Exchange.
" £212 10s. 0d.                 Montreal, August 14, 1841.
" Three days after sight of this our only bill of Exchange of the " same tenor and date, pay to the order of J. J. Cutler, Esq., two " hundred and twelve pounds and ten shillings, hereby, and charge " the same to account of the Union Bank, without further advice.
" To Messrs. H. GRAY & Co.,
         " 60 Wall Street, New York.
                         " M. DUDLEY BEAN, *Cashier.*
                              " Per CHANDLER."

The plaintiff also offered in evidence, the protest, of said bill, attached to said Campbell's deposition, containing certificate of notice to drawers, and plaintiff, of the non-payment of said bill of exchange. M. Dudley Bean testified, in his deposition, that the Union Bank of Montreal, was not an incorporated bank; but a private partnership; they commenced business, in 1838 or 1839, in Montreal, Canada, and carried it on, under the name of " Union Bank of Montreal;" drawing bills of exchange was a part of their ordinary business, and, that they accepted drafts, checks, &c., drawn on them; that Col. Henry Thomas, of Burlington, Vermont, was a stockholder in said bank, and as such, a silent, or sleeping partner, in said bank before, at the time of, and after the drawing of the bill of exchange, by him, per Chandler, and attached to the deposition of said Campbell; and, that said Chandler had authority to so sign, in the absence of the cashier.   That said Thomas had acted in the capacity of director of said bank,—that said Union Bank, since the protest of said draft, recognized the same, and made efforts to pay it, with the knowledge of what had been done, to procure payment of the acceptors, and the bank have made some payments toward it, &c.

The court, after the introduction of some testimony by defendant, charged the jury, that if the intestate, Thomas, was a partner, in the concern, called the Union Bank, the plaintiff was entitled to recover, and the drawers were liable on the bill. That, if the jury find, from the testimony, that Thomas, (the intestate,) was acting in the management of the business of the concern, in such a manner, as to induce persons, doing business with the concern, to suppose him to be a partner, he would be liable, as such; but, unless they find he did so act, it is incumbent on the plaintiff, to prove that such a contract existed between Thomas and the other members, as would constitute a partnership between them, and would entitle him to participate in the profits of the concern, and, that the testimony of Bean, was not sufficient proof of such a contract.

The jury returned a verdict for defendant. Exceptions by plaintiff.

*J. Maeck, Peck & Bailey* for plaintiff.

The court erred in charging the jury, " that unless Thomas held " himself out, publicly, as a partner, it is incumbent on the plain- " tiff to prove, that such a contract existed between Thomas and " the other members, as would constitute a partnership, &c.;" and that the " testimony of Bean, was not sufficient proof of such contract." This charge takes the question of fact, whether Thomas was a partner, entirely from the jury.

2. The stockholders, in an unincorporated joint stock company, are co-partners, and liable as such, whether ostensible, or dormant partners. Story on Part. 117. Collyer on Part. 873 and 1078. *Keasley* v. *Codd,* 12 Com. L. R. 193.

3. If the common law governs the case, the charge is clearly erroneous; and, if the law of Canada governs the case, it is equally clear, that there is error. 1. The court ought to have left it to the jury, as a question of fact, to find, first, what the laws of Canada were. 2. If they found the laws of Canada permitted a co-partnership, with restricted liability, then to find, whether the Union Bank and defendant had so far complied with such laws, as to exempt Thomas from liability.

4. Third persons may prove the partnership by parol, but the party to the articles, of co-partnership, must produce the articles.

*Wm. Weston* and *D. A. Smalley* for defendant.

1. In the absence of proof, that a person acted as a partner, a contract of partnership must be proved. Collyer on Part. 3 Am .Ed. p. 4 § 5. And this was, substantially, the charge of the court below, on this point.

Where a contract between parties is proved, the question, whether such contract constitutes a partnership or not, is one of law.` Collyer on Part. 81 § 95. *Chandler* v. *Brainard*, 14 Pick. 285. *Everett* v. *Chapman*, 6 Conn. 347. *Beecham* v. *Dodd*, 3 Harr. 485. And the cases of *Boardman* v. *Keeler*, 2 Vt. 65; *Bowman* v. *Bailey*, 10 Vt. 170; *Tobias* v. *Blinn*, 21 Vt. 544, are in point.

2. And to charge a person as a partner in a joint stock company, it must be shown, that he was an actual partner, and as such, entitled to share in the profits and losses; or, that he held himself out to the world as a partner, and thereby, gave the company the benefit of his name. Collyer on Part. 3 Am. Ed. 875 § 1081. ·

3. No action can be sustained against the estate of Thomas, upon the bill in question, as neither his name, nor the name of any firm, of which he is a member, appears upon the face of the bill; nor can the plaintiff give it in evidence, under the money counts. *Bank U. S.* v. *Lyman et al.*, 20 Vt. 667, and the cases there cited.

In a private partnership, the name of the firm, must be signed, to bind them. If this is not done, it is the bill of the signer, and not of the firm.

The opinion of the court was delivered by

BENNETT, J. This action is founded upon a bill of exchange, drawn by what was called the " Union Bank of Montreal, Lower Canada," upon H. Gray & Co., New York, on the 14th day of August, 1841, payable to the order of the plaintiff. ` It is claimed, and the declaration proceeds upon the ground, that this " Union Bank," was an unincorporated joint stock company, and that Henry Thomas was, at the time this bill was drawn, one of the company, and as such, liable as a partner upon this bill. . We think, that the trial below must be regarded as a mistrial. The liabilities of the members of this joint stock company, should be judged of, by the laws of Canada. Though it may be true that the bill itself should be governed by the laws of the place where it is made payable, yet,

when we inquire for the liability of the individual stockholders, growing out of the association, we must have reference to the laws of Canada, where it was formed, and where their place of business was. In the late case of *Bennett* v. *Chambers*, in the Supreme Court of the United States, American Law Register, Vol. 4, p. 187, it was held, that a contract to *convey lands in Texas*, made at Cincinnati, during the war between Mexico and Texas, and before the independence of Texas was acknowledged by the United States, was not to be treated as a *Texan contract*, and to be judged of by the laws of Texas; but its validity was to be determined by the laws of the United States. Much more should the liability of the stockholders of this association, be judged of by the laws of Canada. The evidence before the court and jury, tended to show, that there were material distinctions between the English common law, and the law which was in force in Canada, in relation to the liability of members of joint stock companies.

The court evidently intended to try this case upon the principles of the common law. No allusion is made in the charge of the court, to the laws of Canada. In this there was an error; and we think if the case had been to be tried upon the principles of the common law, it must be regarded as a mistrial. It appeared from the testimony of Bean and Gray, that this association was formed, and went into operation, in 1838, or 1839, as an unincorporated company, and in the name of the "Union Bank of Montreal," and that the drawing of bills of exchange, was a part of their ordinary business; and Bean testifies, that after this association was formed, and while it was in operation, and he thinks in 1840, Henry Thomas became a stockholder in said bank, by the purchase of stock of the bank, and that he continued as such, down to the time, and until after, the bill in question was drawn.

It was also in proof, that this bank, or association, was managed by Bean, who acted as cashier, and H. Gray, and one James, now deceased, who were the ostensible directors, or managers; and that, in addition to these, there were others having a secret interest in the concern, as stockholders; and that Chandler, in the absence of the cashier, was authorized to draw bills of exchange.

The court, after giving the jury instructions, in regard to the law of the case, in case they should find that Thomas held himself out as a partner, concluded by saying, that if they did not so find, "it

Cutler *v.* Estate of Thomas.

"was incumbent upon the plaintiff, to prove, that such a contract "existed between Thomas, and the other members, as would consti- "tute a partnership between them, and would entitle him to partici- "pate in the profits of the concern; *and that the testimony of Bean* "*was not sufficient proof of such contract.*" It is not readily apprehended, upon what ground the court below went, in withdrawing the consideration of Bean's testimony from the jury. It may have been upon the ground that the written articles themselves, should have been produced. Though it should be conceded that if the question was *inter se*, the only *competent evidence* of partnership, would be the articles themselves; yet, the same principle will not apply, when the suit is by a creditor of the partnership, as against the parties; the partnership may be proved by oral evidence of the actions, or declarations of the parties. See *Alderson* v. *Clay*, 1 Stark. Rep. 405. *Widdifield* v. *Widdifield*, 2 Binn. 249. *Allen* v. *Rostain*, 11 S. & R. 362.

If the two depositions of Bean taken together, tended to prove a liability upon this bill, on the part of Thomas, upon common law principles they should have been submitted to the jury with proper instructions. I suppose the law to be settled, that the members of a joint stock company, are liable, *in solido*, for the debts contracted by the company. In *Carlew* v. *Drury*, 1 Ves. & B. 157, Lord ELDON says, "I hold it clear, that each individual is, at law, an- "swerable for the amount of the whole of the debts of the concern." And in that very case, the articles provided, *that* one thousand persons might eventually become interested in the concern.

In *Keasley* v. *Codd*, 2 Car. & Payne 408, note, ABBOTT, CH. J. speaking of joint stock companies, says: "It is important that the "public should know, that if persons connect themselves with a "company of this description, they are every one of them, liable "to pay the demands upon it." The testimony of Bean, if credited, went to show that Col. Thomas was a shareholder in this bank at the time the bill in question was drawn. In the case of *Harrison* v. *Heathorn*, 6 Man. & G. 81, it was held, that the attending in the character of a shareholder, a meeting of the members of a joint stock company, was sufficient *prima facie* evidence, that the party was a shareholder, to charge him with an engagement, entered into, by a majority of the shareholders, at a subsequent meeting, which he did not attend. The particular terms of a partnership, are of

Cutler *v.* Estate of Thomas.

no importance to third persons. That is a matter *inter se.* We think, then, the depositions of Bean should, upon common principles, have been submitted to the jury, with proper instruction as to their effect, if the witness was credited.

In regard to the questions arising, relative to the *notice* to the drawers, of the presentment and non-payment of the bill, we do not find it necessary to express any opinion at this time.

The result must be a reversal of the judgment of the County Court, and the cause go down for another trial.