GEORGE H. KING, RECEIVER, *v.* ALEX. COCHRAN.

January Term, 1901.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed January 4, 1904.

*Foreign Corporations—Stockholders—Statutory Liability— Determination of—In Foreign Jurisdiction—Action on: in this State—Receiver—Title to Assets—Declaration— Sufficiency.*

In an action at law by a foreign receiver against a stockholder to recover on the latter's statutory liability, an allegation in the declaration that under the laws of the state of his appointment, the plaintiff, as such receiver, acquired the legal title to all the assets of the corporation, and the right to enforce the liability of the stockholders, is a sufficient allegation of title in the plaintiff.

A declaration counting on the liability of a stockholder under a foreign statute, setting forth such statute, and alleging that under said statute, as interpreted by the Supreme Court of the state, "the liability of the defendant as a stockholder is a contractual liability, and arises upon the contract of subscription to the capital stock made by the defendant in becoming a stockholder, and that, in subscribing to said stock and becoming a stockholder, he thereby guaranteed payment to the creditors of an amount equal to the par value of the stock held and owned by

him, which should be payable to the receiver of the corporation, and that such receiver is the only person who can enforce said liability," sufficiently shows that the liability of the stockholders is a secondary asset of the corporation, available for the payment of its debts.

A stockholder of a foreign corporation, even without notice thereof, is bound by proceedings had in the foreign jurisdiction, in pursuance of the statute which controls the settlement of the affairs of the corporation, to ascertain the deficiency for which he is holden upon his statutory liability; and this liability, so determined, may be enforced in the courts of the stockholder's residence.

DEBT on the statutory liability of a stockholder in a foreign bank. Heard on a general demurrer to the declaration, at the June Term, 1900, Caledonia County, *Taft, J.*, presiding. Demurrer sustained, *pro forma*, and declaration adjudged insufficient. The plaintiff excepted.

This demurrer is to the amended declaration filed after the case had been once to the Supreme Court. The amended declaration, among other things, alleged the incorporation of the Washington Savings Bank of Seattle, under the laws of the Territory of Washington, for the purpose of conducting a banking business; that under and by virtue of the laws of the State of Washington it is provided as follows: "Each and every stockholder shall be personally liable to the creditors of the company, to the amount of what remains unpaid upon his subscription to the capital stock, and not otherwise; provided, that the stockholders of every bank incorporated under this act, or the Territory of Washington, shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association accruing while they remain such stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such

shares"; that the same provision existed by virtue of the laws of the Territory of Washington at the time the bank was incorporated, and has continued in force continuously, under the laws of the Territory of Washington and under the laws of the State of Washington, during all the time since the bank was incorporated; that under the aforesaid statute, as interpreted by the Supreme Court of Washington, the liability of the defendant as a stockholder, is a contractual liability, and arises upon the contract of subscription to the capital stock made by the defendant in becoming a stockholder, and that in subscribing to said stock and becoming a stockholder he thereby guaranteed payment to the creditors of an amount equal to the par value of the stock held and owned by him, which should be payable to the receiver of said corporation duly appointed by the Superior Court of the State of Washington, in and for King County, whenever said Court should order an accounting of the assets and liabilities of said corporation, and should decree that said amount so guaranteed, or any part thereof, should be necessary to pay the debts of said corporation; that under the aforesaid statute, as interpreted by said Court, the receiver is the only person who can enforce said liability of stockholders, and the only person who can lawfully demand payment of said assessment from the defendant, as a stockholder.

Said amended declaration further alleged that the bank is insolvent; that the defendant is now, and at the time of said insolvency was, a stockholder in said bank, and the owner of ten shares of its stock of the par value of one hundred dollars each; that the plaintiff was appointed receiver under said statute by the Court of Washington; that an accounting of the assets and liabilities of said bank has been had by said Court; that said Court has made an order directing the plain-

tiff, as receiver, to levy an assessment against the stockholders of said bank of seventy per cent of the par value of the stock owned by them for the purpose of liquidating the debts owed by said bank, and that said order was made after said Court, upon hearing, had determined the necessity thereof; that the plaintiff, as such receiver, had demanded of the defendant the amount of said assessment on his stock, and defendant refused to pay the same.

The amended declaration also alleged that under the above quoted statute, as interpreted by the Supreme Court of Washington, the plaintiff, as such receiver, acquired the legal title to all the assets of said corporation, including choses in action; and more particularly acquired the right to enforce the liability of stockholders of said corporation, and especially the liability of the defendant as a stockholder to the creditors of said corporation, arising from his contract of subscription to the capital stock made by the defendant in becoming a stockholder.

*T. J. Deavitt* and *Edward H. Deavitt* for the plaintiff.

The liability is alleged to be contractual. It was so held in *Barton Nat. Bank et al.* v. *Atkins et al.*, 72 Vt. 33, 38. The receiver has the legal title to the assets, and no other person has the right to enforce this liability. *Wilson* v. *Book,* 13 Wash. 676, 682, 683, 684; *Waterson* v. *Masterson,* 15 Wash. 511, 514, 515; *Birch* v. *Taylor,* 1 Wash. 245, 247, 248; *Cole* v. *R. R. Co.,* 9 Wash. 487; *Hardin* v. *Sweeney,* 14 Wash. 129.

The receiver is really bringing debt on the decree of the Court in Washington. The stockholder is bound by the proceedings leading up to the assessment. This decree can not be collaterally attacked. *Hawkins* v. *Glenn,* 131 U. S. 319;

*Hancock Nat. Bank* v. *Farnum*, 176 U. S. 640; *Glenn* v. *Liggett*, 135 U. S. 533; *Great Western Tel. Co.* v. *Purdy*, 162 U. S. 329, 337; *Howarth* v. *Lombard*, 175 Mass. 570; *Casey* v. *Galli*, 94 U. S. 673; *U. S.* v. *Knox*, 102 U. S. 422; *Richmond* v. *Irons*, 121 U. S. 27, 55; *Hawarth* v. *Angle*, 162 N. Y. 179; *Howarth* v. *Eliwanger*, 86 Fed. Rep. 54; *Sheaf* v. *Larimer*, 79 Fed. Rep. 921.

*Dunnett & Slack* for the defendant.

The statutory liability of stockholders is a liability to the creditors, it is not a corporate asset, and does not go to the receiver as such, hence he has no right to enforce it. Smith on Receivers § 78; *In Re People's, etc. Co.* 56 Minn. 180; Cook on Stocks and Stockholders, § 218; *Olson* v. *Cook*, 57 Minn. 552; *Minn. etc. Co.* v. *City Bank*, 66 Minn. at p. 455; *Jacobson* v. *Allen*, 20 Blatch. 525; *Bristol* v. *Sanford*, 12 Blatch. 341; High on Receivers, § 317a; *King* v. *Cochran*, 72 Vt. 107; *Murtey* v. *Allen*, 71 Vt. 377; *Newell* v. *Fisher*, 24 Miss. 392; *Yearver* v. *Wallace*, 44 Pa. St. 294; *Relph* v. *Rundell*, 103 U. S. 222; *Glen* v. *Marbury*, 145 U. S. 499; *Boothe* v. *Clarke*, 21 How. 535. Each stockholder is liable only for the proportion of his debt. This proportion can only be ascertained upon an account of the debts and stock, and a pro rata distribution of the indebtedness among the several stockholders. This can only be done by a suit in equity. *Bank* v. *Atkins*, 72 Vt. 33.

MUNSON, J. The original declaration in this case was examined in *King* v. *Cochran*, 72 Vt. 107, 47 Atl. 394, and was adjudged insufficient upon the authority of *Murtey* v. *Allen*, 71 Vt. 377, 45 Atl. 752. It was held in the case cited that in this State a receiver has no remedy at law other than

those given him by the common law; that he cannot sue at law in his own name without having the legal title to the thing in controversy; that he does not acquire by virtue of his appointment the title to the property received; and that the declaration in question did not show that the plaintiff had such a title as would enable him to maintain an action at law in his own name.

The case is now before us upon an amended declaration demurred to generally. No question is made as to the form of action. The sufficiency of the count, as against any objections that are urged against it, depends upon whether it alleges a legal title to the cause of action declared upon, and whether that cause of action is one enforceable at law.

The count alleges that under the statute of Washington, as interpreted by the Supreme Court of that state, the receiver, by virtue of his appointment, "acquired the legal title to all of the assets of said corporation including choses in action and more particularly the right to enforce the liability of stockholders of said corporation and especially the liability of the defendant as a stockholder to the creditors of said corporation arising from his contract of subscription to the capital stock made by the defendant in becoming a stockholder." The defendant contends that this is merely an allegation of a right to enforce the liability, and not of a title to the liability.

But we think the sentence quoted, properly construed, is an allegation of title. Its fair meaning is that the receiver acquired the legal title to all the assets of the corporation including choses in action, and of these choses in action more particularly the right to enforce the liability of stockholders, and of these liabilities more particularly that of the defendant.

It is said, however, that this is not an asset of the corporation, but a liability to the creditors of the corporation, and therefore not within the allegation. But the count sets up the statute of Washington, and alleges that under that statute, as interpreted by the Supreme Court of the State, "the liability of the defendant as a stockholder is a contractual liability, and arises upon the contract of subscription to the capital stock made by the defendant in becoming a stockholder, and that in subscribing to said stock and becoming a stockholder he thereby guaranteed payment to the creditors of an amount equal to the par value of the stock held and owned by him, which should be payable to the receiver of said corporation * * ", and further alleges that under that statute as so interpreted, "such receiver is the only person who can enforce said liability." It sufficiently appears from this that the liability of the stockholders is a secondary asset of the corporation available for the payment of its debts.

The nature of this liability was considered in *Barton National Bank* v. *Atkins*, 72 Vt. 33, 47 Atl. 176, where it was said: "Such a provision is entirely for the benefit of creditors, and is in effect a requirement that the stockholders, by availing themselves of the advantages to be derived from such an organization, shall impliedly agree to be responsible for the debts of the corporation to the extent by law provided. * * * This provision, with the capital of the corporation, was the basis of its credit. The creditors contracted with reference to it. It became a part of the law of their contracts, and constituted security for any debt contracted by the company. * * * The creditors had a right to understand that, although the debts contracted were the debts of the corporation and that, in their enforcement, the remedy against it and its primary assets must first be ex-

hausted, if such assets proved insufficient, they had, as security for the deficiency, this liability of the stockholders. The stockholders knew the law and voluntarily assumed that responsibility, and while it was not enforceable by the corporation, it is a secondary asset for that purpose, and constitutes a trust fund to be resorted to by the receiver in the marshalling of assets, if necessary for the full satisfaction of the indebtedness for which it is holden."

The manner of enforcing this obligation was considered in *Howarth* v. *Lombard*, 175 Mass. 570, and the Court saw nothing in the nature of the liability to prevent a holding that the legal title was in the receiver. The opinion says: "The receiver is called by the Washington court a *quasi* assignee for creditors. He is charged with the administration of a trust fund which does not take form or come into actual existence until after his appointment, and he is the only person who can collect it. By virtue of his official relation to the corporation and its creditors he is the owner of the legal title to this fund as a trustee for the creditors. A suit could not have been brought in the name of the corporation, and he is the only person who can now, or who ever could, legally demand and collect the money. We are of the opinion that the action is rightly brought in his name."

It is clear that the liability is not to the creditors in any sense which prevents its being an asset of the corporation and therefore a chose in action of which the receiver has the legal title. The statement that the stockholder guaranteed payment to the creditors and the recital of this guaranty as a liability to the creditors must be construed in connection with the various allegations which disclose the nature of the liability, and especially in connection with the allegations that the amount was to be payable to the receiver, that the title

is in him, and that a recovery can be had by no one else. When the allegations are read together there is no room for doubt as to the meaning of the words in question.

But it is said that if the receiver has the legal title, he has no case upon which a suit at law can be maintained. It is argued that the defendant is not bound by the proceedings in which the individual liability of the stockholders was determined in the State of Washington because not a party to those proceedings, and that he can be made liable here only in a Court where an accounting of the assets and indebtedness of the bank can be had. This calls for an inquiry as to the effect to be given to the account taken and assessment made by the Washington Court having jurisdiction of that matter. If these proceedings are an adjudication conclusive upon the defendant, the amount of his liability is ascertained, and a suit at law is the appropriate remedy.

In *Hawkins* v. *Glenn*, 131 U. S. 319, an assessment ordered by a Court which had jurisdiction of the corporation was held binding upon stockholders residing in another state, although not made parties as individuals. It is said in the opinion that a stockholder is so far an integral part of the corporation that in the view of the law he is privy to the proceedings touching the body of which he is a member; that a decree against the corporation in respect to corporate matters, such as the making of an assessment in the discharge of a duty resting on the corporation, necessarily binds its members in the absence of fraud, and that this is involved in the contract created in becoming a stockholder. It is true that the assessment sued upon in the case cited was on a subscription for stock, but we see no ground upon which the two liabilities can be distinguished as regards the question under consideration; and other courts have held the same.

*Howarth* v. *Lombard;* 175 Mass. 570; *Howarth* v. *Angle,* 162 N. Y. 179.

The ground upon which foreign stockholders are held concluded by the proceedings taken to ascertain the deficiency for which they are holden upon their secondary liability is fully and clearly stated in *Howarth* v. *Lombard.* The liability is contractual as well as statutory. The law provides that each stockholder shall be liable equally and ratably for the obligations of the corporation to an amount equal to the amount of his stock in addition to the stock itself, and that if the corporation becomes insolvent and a receiver is appointed he shall pay to the receiver the amount of such liability when the same shall be ascertained and decreed by the Court having jurisdiction of the case. The stockholder contracts with reference to these requirements when he takes his stock, and is as much bound by them as if they were incorporated in a written agreement bearing his signature. His agreement covers not only the liability, but the manner in which the extent of the liability shall be determined; and when required to contribute in accordance with his undertaking he cannot be permitted to question the conclusiveness of the proceeding.

The defendant, as a stockholder of the Washington Savings Bank, is bound by all valid proceedings had in pursuance of the statute which controls the settlement of its affairs. In becoming a member of the corporation he submitted himself to the laws of Washington in matters touching his relations to the bank and its creditors. As represented by the corporation, he had notice of and was present at the hearing when the account was taken and the assessment made. If the suit were in equity, he could not cast that proceeding aside and demand a fresh accounting. He could impeach the record only for fraud, and that he can do in a court of law.

*Judgment reversed, demurrer overruled, declaration adjudged sufficient, and cause remanded.*