# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF VERMONT.

---

F. R. PATCH MANUFACTURING CO. *v.* JOHN E. CAPELESS
ET AL.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, POWERS, and
MILES, JJ.

Opinion filed May 11, 1906.

*Partnership—Unincorporated Associations—Liability of Members—Conclusiveness of Judgment against Association—Action against Members under V. S. 1183—Trustee Process—Constitutional Law—Due Process of Law.*

Partnership debts are the debts of each partner *in solido;* and, at common law, both separate and joint creditors may attach either separate or joint property and sell it on execution in satisfaction of their judgments, regardless of the equities existing between their debtors.

In equity, partnership property must be used to pay partnership liabilities in preference to debts due creditors of the individual partners; but, to the extent that partnership liabilities are not fully paid by the joint property, they stand the same as other debts against each partner's separate estate.

At common law, an unincorporated association, as regards its rights and liabilities, is fundamentally a large partnership, the status of

its members is that of partners, and the association must sue and be sued in the names of its members, however numerous they may be.

V. S. 1099 provides that certain unincorporated associations may be sued in their associate name, and that service of process against them, made upon either of certain officers, shall have the same effect as if made upon all the associates; and V. S. 1183 provides that, if execution on a judgment thus obtained against any such association is returned unsatisfied, a suit for the amount unpaid may be brought against any or all of the associates "upon their original liability." *Held*, that an action under V. S. 1133 is statutory, and not based upon the same cause of action as that upon which the judgment was obtained; and that the words "original liability," as used in that section, have reference to the liability consequent on membership in the association at the time of the creation of the liability upon which the judgment was recovered.

A judgment obtained against an unincorporated association under V. S. 1099, is conclusive against all persons who were members thereof when the liability merged in the judgment was created; but persons whose membership had then ceased or did not begin till subsequent thereto, are not liable in supplemental proceedings under V. S. 1183.

V. S. 1099, providing for a judgment binding all the members of certain unincorporated associations after service on an officer, is not in violation of the fourteenth amendment to the federal Constitution as taking property without due process of law.

The statutory liability of the members of the unincorporated associations contemplated by V. S. 1099, is contractual in nature. In becoming members, they impliedly agree with each other and with all persons who may hold legal claims against the association, to be bound by the provisions of the statute.

An action under V. S. 1183 against the members of an unincorporated association, being founded on an implied contract, is properly brought by trustee process.

ASSUMPSIT on V. S. 1183. Heard at the September Term, 1905, Rutland County, *Watson* J., presiding, on defendant William Haverly's motion to dismiss for that the cause of action is not founded on a contract express or implied, but on a tort; on defendant S. L. Huffmere's demurrer to the

declaration; and on motion by the Delaware and Hudson Company, a trustee, to quash the return of service upon it. The motion to dismiss was overruled, *pro forma,* to which defendant Haverly excepted. The demurrer was overruled *pro forma,* and the declaration adjudged sufficient, to which the demurrant excepted. The motion to quash was overruled *pro forma,* to which the Delaware and Hudson Company excepted, but waived its exception in the Supreme Court. The opinion fully states the case.    See 77 Vt. 294.

*Butler & Moloney* for the defendants.

To hold that the defendants are bound by the judgment in the original suit, wherein no service of process was made upon them, would be to take their property without due process of law in violation of the fourteenth amendment of the federal Constitution.    *Gilman* v. *Tucker,* 128 N. Y. 100; *Landon* v. *Townsend,* 112 N. Y. 97; *Winslow* v. *Clark,* 47 N. Y. 261; Freeman, Judgments, § 154; *Hubbard* v. *Dubois,* 37 Vt. 96; *Simon* v. *Craft,* 182 U. S. 427; *Iowa Cent. R. Co.* v. *Iowa,* 160 U. S. 389; *Louisville & N. R. Co.* v. *Schmidt,* 177 U. S. 230; *Pennoyer* v. *Neff,* 94 U. S. 714; *Webster* v. *Reid,* 11 How. 437; *Kilburn* v. *Woodworth,* 5 Johns. 37; *Fisher* v. *Lane,* 3 Wils. 297; *Borden* v. *Fitch,* 15 Johns. 121; *D'Arcy* v. *Ketcham,* 11 How. 165; *Ins. Co.* v. *French,* 18 How. 404; *Trustees of Dartmouth College* v. *Woodward,* 4 Wheat. 577; *Zeigler* v. *R. R. Co.,* 58 Ala. 594; *State* v. *Billings,* 55 Minn. 467; *Barwell* v. *Collins,* 44 Minn. 97; *Stuart* v. *Palmer,* 74 N. Y. 191; *Weimer* v. *Bunbury,* 30 Mich. 201; *Philadelphia* v. *Miller,* 49 Pa. St. 440; *Ireland* v. *Rochester,* 51 Barb. 414; *Howes* v. *Bassett,* 56 Vt. 142; *Ex parte Langdon,* 25 Vt. 680; *Bartlett* v. *Wilson,* 59 Vt. 33; *Barnes* v. *Dyer,* 56 Vt. 469; *Eliot* v. *McCormick,* 144 Mass. 12.

The declaration counts upon a cause of action sounding in tort, and the action should be dismissed because commenced by trustee process.   *Ferris* v. *Ferris,* 25 Vt. 100.

*Marvelle C. Webber,* and *Orion M. Barber* for the plaintiff.

It has been expressly held that a partnership is not a legal entity, and that an association is a partnership.   *Faulkner* v. *Hyman,* 142 Mass. 53; *Ricker* v. *Am. Loan etc. Co.,* 140 Mass. 346; 39 Am. L. Rev., 533; 1 Kinkead, Torts, § 54.

The declaration does not count upon a tort.   The action is assumpsit upon the promise implied by the statute.   *Wheeler* v. *Wilson,* 57 Vt. 157; *Danville* v. *Putney,* 6 Vt. 512; *Rann* v. *Green,* 2 Cowp. 474; *Wright* v. *McKee,* 37 Vt. 165.

The defendants have had their day in court.   They, and no one else, were the defendants in the original suit, because the association is a partnership and a partnership is not a legal entity.   Who, then, if not the defendants, appeared and defended the original suit?

The *form* of the action determines whether it may be commenced by trustee process.   This action is assumpsit, and hence properly begun by trustee process.   *Elwell* v. *Martin,* 32 Vt. 217; *Fisher* v. *Jail Com.,* 3 Vt. 330; *Gutta Percha & Rubber Co.* v. *Mayor, etc.,* 108 N. Y. 276; 1 Freeman, Judgts., § 4; Black, Judgt., § 11; *Rockwell* v. *Butler,* 17 L. R. A. 611; *Sawyer* v. *Vilas,* 19 Vt. 44.

WATSON J.   This action is here on demurrer to the declaration.

The declaration shows that on or about the 15th day of November, 1902, the plaintiff brought its action in Rutland County Court against Protection Lodge, No. 215, Interna-

tional Association of Machinists, in its associate name, by serving process on its president as authorized by section 1099 of Vermont Statutes, Protection Lodge, No. 215, being an unincorporated association consisting of five and more persons, having a president, clerk and treasurer; that a trial was had in said action at the March term, 1903, of that court, and a verdict for damages recovered in favor of the plaintiff and against said Protection Lodge and judgment had thereon, which judgment was thereafter affirmed in the Supreme Court; that execution was issued on the judgment against the property of Protection Lodge, No. 215, and thereafter the same was returned wholly unsatisfied, and so remains; and that the defendants in the present action were associates and members of said Protection Lodge, No. 215, at the time of the commission of the grievances for which the damages were recovered, and at the time the trial was had, verdict recovered, and judgment obtained as above stated.

Section 1099 of Vermont Statutes, under the provisions of which Protection Lodge, No. 215, was thus sued in its associate name and service of process made upon its president, reads as follows: "A partnership, or an unincorporated association or joint stock company, consisting of five or more persons having a president, other principal officer, clerk or treasurer may sue and be sued in its firm, associate, or company name, and service of process against such partnership, association or company, made upon either of such officers shall have the same force and effect as regards the joint rights, property and effects of the partnership, association, or company as if served upon all the partners, associates, or shareholders."

The present suit, which may be regarded as supplementary, is brought against alleged associates and members of Protec-

tion Lodge, No. 215, for the amount unpaid on that judgment, upon section 1183 of Vermont Statutes which reads: "If execution on a judgment obtained against a partnership, association, or company in its firm, associate, or company name, is returned unsatisfied in whole or in part, a suit for the amount unpaid may be brought against any or all of the partners, associates, or shareholders upon their original liability, provided that only one such suit shall be brought and maintained at the same time, and if the execution issued in the last named suit is returned unsatisfied in whole or in part, subsequent actions may in like manner be maintained for the amount unpaid."

At common law an unincorporated association, as regards its rights and liabilities, is fundamentally a large partnership. The relation of the members composing it is to each other and to the outside world, that of partners. *Walker* v. *Wait and Others,* 50 Vt. 668; *Burnes* v. *Pennell,* 2 H. L. Cas. 497. Partnership debts are the debts of each partner *in solido,*— 3 Kent's Com. 32; *Cutler* v. *Estate of Thomas,* 25 Vt. 73,— and at law both separate and joint creditors may attach either separate or joint property and sell it on execution in satisfaction of their judgments without regard to equities existing between their debtors. But in equity partnership effects must be applied in satisfaction of partnership debts and liabilities in preference to debts due creditors of the individual partners; and to the extent that partnership debts and liabilities are not fully paid by the joint property, they stand the same as other debts against each partner's separate estate. *Bardwell* v. *Perry,* 19 Vt. 292; *Washburn* v. *Bank of Bellows Falls,* 19 Vt. 278; *Barton National Bank* v. *Atkins,* 72 Vt. 33, 47 Atl. 176.

It is also a well established rule that a firm or unincorporated company must sue and be sued in the names of its

individual members, however numerous they may be.    Dicey
on Parties, 147, 266.    Yet as we have seen, by section 1099 of
Vermont Statutes any partnership, unincorporated association,
or joint stock company falling within its provisions, may sue
and be sued in its firm, associate, or company name, and that
service of process made upon either of its officers named in
that section shall have the same force and effect as regards the
joint rights, property, and effects of the partnership, asso-
ciation, or company as if served on all the members.

That section of the statute and the section upon which
this action is brought, in their original form, were parts of
the same Act, No. 71, Laws of 1882, and must be construed to-
gether.

Such partnerships, associations, and joint stock companies
may be and often are not only composed of many different
members, residents of different states and countries, but con-
stantly changing by some dropping out and others coming in.
Manifestly this statute was enacted for the practical con-
venience and benefit of the partnerships, associations, and com-
panies to which it relates, as well as for the convenience and
benefit of creditors, in bringing and prosecuting suits.    In
operation it inures also to the more substantial benefit of the
individual partners, associates, and shareholders.    We do not
consider whether or not the procedure therein provided is ex-
clusive.    But surely when the statute is invoked to enforce
liabilities against partnerships, associations, or companies, the
members have the benefit of equity principles in that the joint
property must first be taken to satisfy judgments, and it is only
for the amount unpaid when executions against such property
are returned wholly or in part unsatisfied that suits can be
brought against the individual members and their separate
property taken.    In the first instance the obligation of each

partner to the others and to creditors is in nature contractual at common law.  By section 1183, partners, associates, and shareholders are made individually liable to execution creditors for the amount of a judgment unpaid after an execution against the joint property has been returned unsatisfied in whole or in part, with the further limitation that only one suit against members shall be brought and maintained at the same time, and if the execution in the last suit is not returned fully satisfied subsequent actions can be had in like manner for so much as remains unpaid.  Here the liability of the individual members in its modified form is contractual in nature by operation of the statute.  In legal effect each member when he becomes such thereby obligates himself to the other members and to all persons who may hold liabilities against the firm, association, or company of which he becomes a member, for the payment of the amount unpaid on judgments against it after the joint property has been taken in execution and applied thereon, and this obligation is in law as much a part of every contract and liability against the partnership, association, or company as it would be if it had been directly entered into by the members in connection therewith.  The statutory liability here imposed is analogous to the statutory liability of individual stockholders for the debts of a corporation.  In cases involving the latter it is held that the stockholders by availing themselves of the benefits to be derived from the corporate organization impliedly agree to be responsible for the debts of the corporation; that creditors contract with reference to it; that it becomes a part of the law of their contracts; and that when a person becomes a stockholder this liability rests upon him as an incident to his stock.  *Barton National Bank* v. *Atkins,* before cited; *King* v. *Cochran,* 76 Vt. 141, 56 Atl. 667; *Whitman* v. *National Bank,* 176 U. S. 559, 44 L. ed. 587.

It is strenuously urged, however, that the action under the provisions of section 1183 must be based upon the "original liability," and that this action is not of that character.   The statute provides that "a suit for the amount unpaid may be brought against any or all of the partners, associates, or shareholders upon their original liability."   It is evident from the section as a whole that the remedy there given is statutory, consequently that the actions must be based upon the statute, and brought to recover the amount unpaid on the judgment, rather than for the sum due or for damages on the liability merged in the judgment.   The amount to be recovered is fixed by the judgment, which is inconsistent with the idea that the supplemental suit against a member must be upon the same cause of action as that upon which the judgment was obtained. And such inconsistency is the more noticeable when we consider that the judgment may have been recovered in an action *ex delicto,* where the damages were unliquidated.   We think the words "original liability," as used in that section, have reference to the liability consequent on membership in the partnership, association, or company at the time of the creation of the liability upon which the judgment was recovered.   As to the partnership, association, or company the judgment is conclusive.   It is also conclusive in respect to all matters involved in the suit upon all persons who were members when the liability merged in the judgment was created.   All such persons had an "original liability" within the meaning of section 1183, while persons whose membership had then ceased or did not commence until subsequent thereto, had no such "original liability" as makes them responsible in supplemental proceedings under the statute.   It may happen that the original action was based upon several distinct contracts and that the defendants in the supplemental suit were members when some

of the contracts only were made, in which event their liability under the statute would be limited accordingly. Thus "upon their original liability" as it may be made to appear depends their statutory liability, for the amount unpaid on the judgment. In the original action against Protection Lodge, No. 215, the question whether the defendants in this supplemental suit were members of that association at the time when, etc., was not tried or decided, nor involved in the judgment recovered. It follows that whether they were such members is an open question in this suit and one upon which they are entitled to be heard. *Wilson* v. *Seligman,* 144 U. S. 41, 36 L. ed. 338; *Clark* v. *Cullen,* 9 Q. B. Div. 355.

It is further contended that since in the original suit against the association no personal service of process was made upon the individual members, they cannot be bound by the judgment, and that to hold otherwise would be to take their property without due process of law and in violation of the Fourteenth Amendment of the Constitution of the United States. At common law, in a partnership the members do not form a collective whole distinct from the individuals composing it. The rights and liabilities of a partnership are the rights and liabilities of the partners, and are enforceable by and against them individually. The association of which the defendants are alleged to have been members is composed of more than five members, has an associate name, a president, other principal officer, clerk or treasurer. The associate name is nothing more than the collective name for all the members. *Taff Vale Railway Co.* v. *Amalgamated Society of Railway Servants,* L. R. 1901, App. Cas. 426; *Lewis & Co.* v. *Locke,* 41 Vt. 11.

In providing that suits may be brought by or against such partnerships, associations, or companies in their firm, asso-

ciate, or company name, the statute recognizes an entity separate and distinct from the members and specifies in what manner service of process may be made upon it. Yet with this recognition the individual members are none the less concluded by the judgment; for, first, considered as such entity the relation of the members thereto is analogous to the relation of stockholders to a corporate entity. They are so far an integral part of it that in the view of the law they are privy to the proceedings touching the body of which they are members. *King* v. *Cochran* and *Whitman* v. *National Bank,* before cited. And, secondly, as we have before seen, in becoming members they impliedly contracted with reference to these provisions of the statute and are bound by them. The implied agreement in this respect covered not only the liability but the method in which the extent of that liability shall be determined. This doctrine was laid down and applied in *King* v. *Cochran* where the liability of a stockholder in a corporation was involved, and it is equally applicable here. Regarding this principle it is said in Freeman on Judgments, Vol. 1, sec. 176, "In many instances, the relation of the nominal parties to the suit to other persons is such that the latter are conclusively bound by a judgment against the former, in the absence of fraud or collusion, although they are not notified of the pendency of the suit, and are not called upon to conduct its prosecution or defence. In respect to the question, Who are these parties whose interests are thus inseparably associated? the decisions are often inconsistent; but undoubtedly the general principle sanctioned by a vast preponderance of authority is, that every person who has made an unqualified agreement to become responsible for the results of a litigation, or upon whom such responsibility is cast by operation of law in the absence of any agreement, is conclusively bound by the judgment." It follows that the de-

fendants' property is not being taken without due process of law, for no fundamental rights secured by the Fourteenth Amendment are denied, and the forms of procedure in the state courts are not controlled thereby.  *Louisville & N. R. Co.* v. *Schmidt,* 177 U. S. 230, 44 L. ed. 747.

One of the defendants moved to dismiss the suit for that the alleged cause of action set forth in the declaration is not founded on contract, express or implied, hence it being brought by trustee process the court is without jurisdiction.  We have already seen that the liability of the members under the statute upon which the action is based is contractual in nature.  The action is therefore founded on an implied contract and properly brought by trustee process.  V. S. 1304.

The exception by the Delaware & Hudson Company to the overruling of the motion to quash the return of service upon it is not relied upon here.

*. The pro forma judgment overruling the motion to dismiss, overruling the motion to quash, and overruling the demurrer and adjudging the declaration sufficient, is affirmed, and cause remanded.*