TARBELL & WHITHAM *v.* HORACE GIFFORD ET AL.

October Term, 1906.

Present: TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed December 4, 1906.

*Unincorporated Associations—Unsatisfied Execution Against Association—Individual Liability of Members—Supplemental Suit—Construction of V. S. 1183.*

In V. S. 1183, providing that, if an execution on a judgment obtained against a partnership, association, or company in its firm name is returned unsatisfied in whole or in part, a supplemental suit

for the amount unpaid may be brought against "any or all" of the partners or associates, the phrase "any or all" means "some," however few or many; therefore, such supplemental suit may be brought against one, or more, or all of the partners or associates who were such when the liability merged in the judgment was created.

ASSUMPSIT on V. S. 1183. . Heard on demurrer to the declaration and motion to dismiss, at the December Term, 1905, Windsor County, *Miles,* J., presiding. Judgment sustaining the motion and dismissing the declaration. The plaintiffs excepted. See *ante* page 1.

*Hunton & Stickney* for the plaintiffs.

*N. L. Boyden* for the defendants.

WATSON, J. This suit is brought upon section 1183 of Vermont Statutes. The defendants move to dismiss the second amended declaration, also the action, on the ground that more than one and not all of the associate members of the Union Agricultural Society are made defendants. It is urged that by that section the liability is not only contractual but joint and several, and that in analogy to common law principles the suit must be brought either against all the members jointly or each of them separately.

The relation of the members composing such partnerships, associations or companies, as are within the purview of section 1183, is as to each other and to third persons that of partners, and the judgment to recover which an action may be had on that statute is conclusive in respect to all matters involved in the suit upon all persons who were members when the liability merged in the judgment was created. *F. R. Patch Mfg. Co.* v. *Capeless et al.,* 79 Vt. 1, 63 Atl. 938.

While it is the established rule at common law regarding partnerships that all their contracts, as far as creditors are concerned, are joint and several in the sense that each member is bound for the whole debt, and that not only the joint property but also the separate property of each member may be attached for the debts due from the partnership, yet the contracts are technically joint, and several suits cannot be maintained at law against the individual partners. *Washburn et al.* v. *Bank of Bellows Falls,* 19 Vt. 278; *Bardwell* v. *Perry et al.,* 19 Vt. 292.

The purpose of the provisions of section 1183 is to enable execution creditors to satisfy their judgments obtained against a partnership, association, or company in its firm, associate, or company name, to the extent they remain unsatisfied by the joint property, out of the separate estates of the individual members. And in analogy to the right at common law to attach the separate property of each member, we think the term "any," as there used in the phrase "any or all," should not be given its limited sense, but its enlarged and plural sense, meaning some, however few or many; an indefinite number. Under this construction, such a supplemental suit may be brought against one, or more, or all of the partners, associates, or shareholders. The motion to dismiss, in both of its features, should have been overruled.

We have deemed it best to dispose of this question on the substantial ground, regardless of whether it was properly raised by motion to dismiss or not.

*Judgment reversed and cause remanded.*