TARBELL & WHITHAM *v.* HORACE GIFFORD ET AL.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed May 17, 1909.

*Unincorporated Associations—Liability of Members—Evidence of Membership—Documentary Evidence—Authentication.*

In a suit under P. S. 1534 to enforce the liability of defendants as members of an unincorporated society on a judgment against it, evidence that a paper, purporting to be the constitution of the society, was found and kept in its archives and acted under as a constitution, is sufficient to make it admissible in favor of plaintiff.

The constitution of an unincorporated society is admissible in evidence as a record of the society, though not recorded in its books.

In a suit under P. S. 1534 to enforce the liability of defendants as members of an unincorporated society on a judgment against it, evidence that a book, purporting to recite the doings of the society, is the book in which the record of all its meetings are kept is sufficient to make it admissible in favor of plaintiff.

An intent to become a member of an unincorporated society is not conclusively proved by the purchase and acceptance of a ticket conferring membership privileges, where the purchaser supposed and had a right to suppose, that it was only a ticket of admission to the society's fair.

The identity of an unincorporated society was not changed by the fact that during a series of years it annually voted to dissolve, where it still continued to operate under the same constitution, some members dropping out and others coming in.

A judgment against an unincorporated society is conclusive of the liability of those who are members thereof when the liability merged in the judgment was created.

ASSUMPSIT, under P. S. 1534, to enforce the liability of members of an unincorporated society on a judgment against it. Plea, the general issue. Trial by jury at the December Term, 1907, Windsor County, *Powers,* J., presiding. Verdict and judg-

ment for the plaintiff.   The defendant excepted.   The opinion
states the case.   See *Benedict* v. *Union Agricultural Society,* 74
Vt. 91.

*Davis & Davis* and *N. L. Boyden* for the defendants.

*Tarbell & Whitham* for the plaintiffs.

Defendants are bound as members by the purchase and ac-
ceptance of the membership ticket.   In *Upton* v. *Tribilcock,* 91
U. S. 45-50, the Court by Mr. Justice Hunt says: ''That the de-
fendant did not read the charter and by-laws if such were the
facts was his own fault.   It will not do for a man to enter into
a contract, and, when called upon to respond to its obligations,
to say that he did not read it when he signed it or did not know
what it contained.''   *Jackson* v. *Croy,* 12 Johns. 427; *Leis* v.
*Stubbs,* 6 Watts 48; *Farley* v. *Bryant,* 32 Me. 474; *Coffing* v.
*Taylor,* 16 Ill. 457; *Slayton* v. *Scott,* 13 Ves. 427; *Alvanly* v.
*Kinnaid,* 2 Mac. & G. 7, 29 Beav. 490; *Ogilvie* v. *Knox,* 22 How.
380; *Pennsylvania R. R.* v. *Shay,* 82 Pa. 198.

HASELTON, J.   This is an action under what is now section
1534 of the Public Statutes to enforce an alleged liability of two
of the defendants, Albert Waterman and Fayette Rogers, as
members of the Union Agricultural Society an unincorporated
association.   The evidence tended to show that in 1897 the above
named society became liable to one Benedict for damages caused
by its negligence and that in November or December, 1898, the
society employed the plaintiffs as attorneys to defend it in a
suit brought by said Benedict.

The evidence further tended to show that on June 20, 1904,
the plaintiffs recovered judgment before a justice against the
society for $200, and costs on account of services rendered in
the course of their employment, and that on the judgment, and
before this suit was brought, an execution had issued and had
been returned unsatisfied in part.   The main question in this
case was whether Waterman and Rogers were members of the
society at the time when the liability which was merged in the
judgment arose.   *Patch Mfg. Co.* v. *Capeless,* 79 Vt. 1, 63 Atl.
938, and see this case as formerly presented to this Court.
79 Vt. 369, 65 Atl. 80.

On trial the plaintiffs offered in evidence a paper purporting to be the constitution of the society. The defendants objected on two grounds. The first was that no proof had been produced of an organization of any society that had adopted said ostensible constitution; and the second was that the paper had never been recorded in the record books of the society as its constitution. The objection was overruled and an exception taken. However, one Wallace N. Swan, who, as appeared, was a member of the society and its secretary from 1888 to 1899, and later, testified that the paper offered was the constitution of the society in question, and no objection was made to the proof of that fact by his testimony. Swan's testimony, all of which is referred to in the exceptions, tended to show that the paper in question was found and kept in the archives of the society and acted under as a constitution. As to the second ground of the objection it is enough to say that what was offered was as much of a record as it would have been had it been a bound volume. The objection made to the admission of this paper was properly overruled.

The plaintiffs offered in evidence a book purporting to contain a record of the doings of the society at its meetings. This book was objected to on the ground that there was no evidence tending to show that it contained the records of the society under the constitution and that it was not properly authenticated. But the witness Swan testified, without objection, that it was the book in which were kept the records of the society's meetings and of all its meetings, and gave further testimony tending to show the authenticity of the book. Before the close of the case Swan testified that until he was secretary he was, from the time of the organization of the society, its assistant secretary. The book, or so much of it as the attention of the jury was directed to, was properly in the case, in connection with the other testimony, for the purpose of showing the organization and doings of the society. It was further objected to some parts of the book that it did not appear that the defendants knew of the meetings therein referred to, or that they ever attended any of them, or that they ever signed any by-laws, or that they knew anything about any constitution, or that the defendants had any notice of any of the meetings recorded in the book, or that the records showed any notice to the defendants or to any one. But the book was not received as tending to show any of these things.

Counsel for the plaintiffs did not claim to connect the defendants with the society by anything that appeared in the book. The plaintiffs' claim was that the defendant bought membership tickets, before the liability to the plaintiffs accrued, and that by so doing they became members by force of the constitution whether they knew anything about the doings of the society or not.

Article 14 of the paper which the plaintiffs' evidence tended to show was the constitution of the society reads as follows: "Any person may become a member of the society by paying one dollar which shall entitle such person to membership for one year with the privilege of exhibiting at the annual fair and of voting at all meetings and elections of the society and shall be entitled to one ticket of admission, and the membership shall terminate at the annual meeting and to be entitled to vote at said meeting he shall pay or pledge to pay one dollar."

There was no evidence tending to bring home to either defendant any knowledge of the constitution of the society.

It appeared that both the defendants were exhibitors at the society's fair held in October, 1898, and that on the first day of the fair they entered their exhibits at the secretary's office, paid one dollar and received tags or cards for their exhibits and a ticket which was headed "MEMBERSHIP TICKET," the privilege of which so far as was indicated by the matter on the ticket, other than the heading, was admission to the fair during the days on which it was held. Each of the defendants used the ticket as an admission ticket only and surrendered it either during the fair or at its close. Each defendant claimed that he did not know that there was anything about "membership" on the ticket, that he did not intend to become a member, and that nothing was said to him about becoming a member. Some evidence tending to substantiate these claims was received. The evidence tended to show that Rogers had such defective eyesight that he could not read what was on the ticket, and that he was not informed and did not know what was on it. But during the examination of the defendant Waterman, the court ruled as follows: "It is not a question whether he knew what he had or not, he ought to have known; they furnished him something that he apparently knew was an admission ticket. If he actually received one of these tickets the witnesses have described, then we hold it as binding upon him whether he knew it or not."

To this ruling of the court the defendant excepted. This general ruling the court applied in the exclusion of evidence called for by various specific questions. In some instances the object of the questions and the nature of the answers expected were made sufficiently clear, and available exceptions were taken.

Several cases are cited to sustain these rulings of the court, but we do not find them to be in point. The rulings as to the conclusiveness, on the question of membership, of the delivery and acceptance of a ticket bearing the words "MEMBERSHIP TICKET," irrespective of the ignorance of the purchaser that those words were there, was erroneous in the circumstances in which they were made. Notwithstanding the fact that the ticket was handed to the purchaser and accepted by him, the question of intent and purpose was still an open one. The defendants might show, if they could, that the tickets were delivered to and taken by them as admission tickets, that they did not read them and that they supposed they were nothing more than such tickets, and the intent on the part of the defendants to become members was not conclusively proved by their acceptance of tickets conferring membership privileges, if they supposed, and had a right to suppose, that they were getting mere admission tickets and did not know that they were given anything else. *King* v. *Woodbridge,* 34 Vt. 565; *Cook* v. *Carpenter,* 34 Vt. 121, 80 Am. Dec. 670; *Smith* v. *Hollister,* 32 Vt. 695; *Murry* v. *Walker,* 83 Iowa 202; 48 N. W. 1075; *Konta* v. *Stock Exchange,* 189 Mo. 26, 87 S. W. 969.

One who should purchase a ticket of admission to a theatrical or other show could not as matter of law be made a partner in the enterprise or be put under an obligation to perform merely by virtue of something printed on the ticket not called to his attention and not within his knowledge.

At the close of all the evidence both parties asked to have a verdict directed, and agreed that there was nothing for the jury. The court overruled the defendants' motion and granted that of the plaintiffs. Exceptions were taken. However, as under the previous rulings of the court, evidence had been improperly excluded there is no sufficient reason for considering whether or not on the evidence as it stood the court was right in its final action.

In the court below the defendants by a proper exception raised the question that the society of 1898 though bearing the

same name as that of 1897 was not the same organization and that the society of 1898 had no authority to employ counsel to defend against the liability which accrued in 1897.

We have throughout spoken of the society as though it were a continuous one but have done this for convenience and without prejudice to the claim under this exception.

For a series of years, including the years 1897 and 1898, the society annually voted to dissolve.     There was however evidence tending to show that notwithstanding these votes the society preserved its identity and went on under the same constitution some members dropping out and others coming in.     The record of the judgment in favor of the plaintiff against ''The Union Agricultural Society'' is referred to in the exceptions but has not been handed to the court.     That judgment is conclusive of the liability of those who were members when the liability merged in the judgment was created, *Patch Mfg. Co.* v. *Capeless*, 79 Vt. 1, 63 Atl. 938, and it may be that upon full showing it will appear that the liability of the society as it existed when, if ever, the defendants were members, was adjudicated in the justice suit.     This point is left without further consideration.

*For error in the exclusion of evidence on the question of the membership of the defendants the judgment is reversed and the cause remanded.*