# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

### JANUARY TERM, 1869.

JOHN MARTIN AND WIFE

*vs.*

BENJAMIN PARKER AND WIFE.

In an action for the partition of real property under *Chap.* 74, *Gen. Stat.*, the names of the defendants being first stated in the title of the case (in the summons), and it appearing from the complaint that the defendants named are the only persons (except the plaintiffs) having or claiming any interest in the property, the summons addressed "to the above named defendants" is a compliance with the statute.

The defendants in this case appealed from an order of the District Court for Hennepin County denying a motion to set aside the summons. The case is sufficiently stated in the opinion.

ATWATER & FLANDRAU for Appellants.

J. B. GILFILLAN for Respondents.
vol. xiv.—2

*By the Court*—WILSON, CH. J.—This is an action for the partition of real property under *Chapter* 74, *of the General Statutes.* The summons is addressed " To the above named defendants;" the names of the defendants being before stated in the title of the case. The complaint alleges "That the said plaintiff, John Martin, and the said defendant, Benjamin . Parker, own, possess, and are seized in fee simple as tenants in common, of the following described land, real estate and premises." ❊ ❊ ❊ "That the said plaintiff, Jane B. Martin, is the wife of said plaintiff, John Martin, and as such, has, and claims an inchoate right of dower in and to the undivided half interest of the said plaintiff, John Martin, in said premises. That the said defendant, Hannah Parker, is the wife of the said defendant, Benjamin Parker, and as such, has and claims an inchoate right of dower in and to the said undivided half interest of the said defendant, Benjamin Parker, in said premises. The said property is of the cash value of five thousand ($5,000) dollars. That the above named are the only persons having or claiming any interest in or to said premises, or any part thereof." The counsel for the defendants moved the Court for an order setting aside the summons, on the ground that it "is not addressed, by name, to all the owners and lien-holders who are known, and generally to all persons unknown having or claiming an interest in the property described in the complaint herein." The Court denied the motion, and the defendants appealed. *Sections* 2 and 3 of the chapter under which the action is brought provide:

" *Sec.* 2. The summons shall be addressed by name to all the owners and lien-holders who are known, and generally to all persons unknown, having or claiming an interest in the property. "

"*Sec.* 3.   The interest of all persons in the property, whether by way of ownership or lien, and whether such persons are known, or unknown, shall be set forth in the complaint specifically and particularly, as far as known to the plaintiff, and if any one or more of the parties, or the share or quantity of interest of any of the parties, is unknown to the plaintiff, or uncertain, or contingent, or the ownership of the inheritance depends upon executory devise, or the remainder is a contingent remainder, so that such parties cannot be named, that fact shall be set forth in the complaint.   The complaint shall also contain an allegation of the cash value of the property, and shall be verified."

This summons is addressed to the defendants by name. We do not understand them in this respect to question its sufficiency, or to claim that their names should have been repeated ; that clearly was unnecessary.

We need only consider, therefore, whether it should have been addressed "generally to all persons unknown, having or claiming an interest in the property." By *Section* 3 it appears, that the interest or liens of all persons, known or unknown, in or on the property, are to be set forth as particularly as may be, and determined by the judgment, and that when any of the parties are unknown, that fact must be alleged—when known their names must be given. *Section* 2 requires the summons to be addressed to the claimants known particularly, by name—to those unknown, generally, but it only requires it to be addressed to those having or claiming an interest in the property.   In this case, it appearing that the defendants are the only persons (except the plaintiffs) having or claiming an interest in the property, it was only necessary to address the summons to them.

Order affirmed.