JEREMIAH C. WINSLOW and another *vs.* DAKOTA LUMBER COMPANY.

June 28, 1884.

32 237
177 34
32 237
52LRA693n

**Evidence held sufficient.**—Evidence in the case considered, and *held* sufficient to support the verdict in favor of plaintiff.

**Evidence—Sale—Statute of Frauds—Entry in Books.**—In an action by A against B for the price of goods alleged to have been delivered to C upon B's promise to pay for them, the fact that upon A's books of account the goods were charged to C, is proper to be considered upon the question, to whom was credit given, but it is not decisive against the admissibility of the books in evidence.

Appeal by defendant from an order of the district court for Clay county, *Stearns*, J., presiding, refusing a new trial.

*Wilson & Ball* and *Alfred Wallin*, for appellant.

*Briggs & Elders*, for respondents.

BERRY, J.[1] This is an action for the price of goods alleged to have been delivered to Joseph Thompson, upon defendant's agreement to pay for the same. Thompson had taken a contract to haul logs for defendant, and the goods were supplies furnished him "in and about" the performance of his contract.

The point principally argued and elaborated here is that the verdict in favor of plaintiffs is not justified by the evidence. This was so strenuously contended for by defendant's counsel that we have examined the settled case with unusual pains; and while, in accordance with our usual practice in such cases, we shall refrain from any detailed analysis or presentation of the testimony in this opinion, we are all entirely satisfied that the record discloses competent evidence reasonably tending to support the verdict, and sufficient to prevent us. from disturbing the action of the jury. As is often the case in hardly-contested litigation, the testimony is irreconcilably inconsistent in many material particulars. Much of it is circumstantial, where it might well have been expected to have been direct; and the general impression which it leaves upon our minds is that on both sides the

[1] Dickinson, J., because of illness, took no part in this decision.

business involved in this action was very loosely conducted. But we are of opinion, nevertheless, that there is evidence in the case fairly tending to show that the goods were furnished to Thompson by plaintiffs, upon an *understanding* between them and defendant that the latter should pay for them. We use the term "understanding" as expressing a valid contract engagement, but one of a somewhat informal character.

This is all that we desire to say as to the claim that the verdict is not sustained by the evidence, except to add that, as respects the notice to plaintiffs not to sell or deliver any goods to any one on defendant's account without a written order, we think there was evidence from which it was open to the jury to infer that the notice was treated by the parties as having no reference to the supplies to be furnished Thompson, and, upon this theory, the court properly proceeded in its charge to the jury.

Error is further assigned in the admission of evidence over defendant's exception. It is very likely that this case might have been tried with greater economy of time and testimony; but when the informal character of the contract between the parties, as it is testified to by plaintiffs' witnesses, is considered, it is clear that much more latitude was permissible, for the purpose of showing historically and otherwise the relations of the contracting parties, and the circumstances in which they acted, than if the contract had been entered into with the formality with which business of the kind ordinarily is, and always ought to be, transacted. In other words, the case was one in which it was indispensable for the plaintiffs to adduce evidence which would put the jury, as far as might be, in the position in which the parties stood at the time when the contract alleged was made, so that what was done and said could be considered in the light in which the parties considered it. While, in attempting to do this, more or less testimony of little or no significance or importance appears to have crept in, we are of opinion that the testimony (here objected to) of the facts and circumstances which led to the making of the alleged contract, showing how the parties came together, to what they had reference, and what they meant by what was said and done, —such, for instance, as the testimony as to the Waters contract and

the Thompson contract,—properly tended to throw light upon the matter in issue, and to impart more or less probability to the plaintiffs' version of their communications with defendant. This testimony went to trace the history of the transactions in issue, and to show their significance.

The fact that the goods, the price of which is sued for, were charged on plaintiffs' books of account to Thompson, instead of defendant, while proper to be considered by the jury, upon the question to whom was the credit given, was not decisive against the admissibility of the books in evidence. The testimony adduced by plaintiffs in explanation of this method of keeping the account, and of its purpose and object, was entirely competent, and tended to remove the presumption that the credit was given to Thompson because the account was kept in his name. As respects the effect of this manner of keeping the account, the instructions to the jury were in substantial accordance with the views above expressed. Its *weight* as evidence upon the question, to whom was credit given, was very properly left to the jury.

The defendant offered evidence tending to show that prior to the commencement of this suit, and at the date of the last charge in plaintiffs' account for goods delivered to Thompson, defendant had paid Thompson in full, at the contract price of $3.25 per thousand, for all the logs delivered by him. It is insisted by defendant's counsel that if it was competent to admit (as was done) evidence of defendant's contract with Thompson to pay bills incurred in the performance of such contract, for the purpose of "throwing light" upon the question of the existence or non-existence of the alleged agreement of defendant with plaintiffs to pay for supplies to be furnished Thompson, then defendant ought to have been permitted to "put itself right before the jury by showing that it had fully paid Thompson." We think the evidence offered was properly excluded. The existence of the alleged agreement of defendant with plaintiffs was positively asserted by plaintiffs, and as positively denied by defendant, both in the pleadings and in the testimony. In this state of things, evidence of the defendant's contract with Thompson to pay bills (a contract in existence *at and before the time* of the alleged making of the agree-

ment sued on) was admissible, in the discretion of the court, as having some tendency to render the plaintiffs' assertion probable, and for this purpose it was received, and the jury were properly instructed accordingly. See *Miller* v. *Lamb*, 22 Minn. 43, and cases cited. And, on the other hand, it was proper for defendant to show, as bearing on this question of probability, that under its contract with Thompson its liability was limited by the amount to which his work of hauling came, at the contract price of $3.25 per thousand feet. But to show (as offered) that Thompson had been fully *paid* by defendant *some time after* the alleged making of the agreement sued on, had no bearing on the question of probability mentioned, and therefore the ground upon which defendant insists that his offer should have been received, is evidently not maintainable.

The proposed testimony of Mitchell and Blowers, if offered, as insisted in defendant's brief, for the purpose of *impeaching* Smith and Thompson, was properly rejected for want of a proper foundation, in the absence of which it was hearsay or immaterial, or both. And, besides, no such purpose appears to have been indicated, except as to the testimony of Blowers when he was recalled. As to the testimony of Mitchell, and of Blowers when he was first called, no purpose in offering it appears to have been indicated; and, in the absence of an indication of some proper purpose, the court might well exclude it as, at least, *prima facie*, immaterial, or hearsay.

As respects defendant's exceptions to the charge, we believe that they are substantially answered by what we have already said. The criticisms of the charge which are not founded upon exceptions need not be considered.

This disposes of all the errors assigned to which we deem it necessary to advert specifically, and the result is that the order denying a new trial is affirmed.