H. ROSENBAUM v. E. C. HOWARD and Others.[1]

June 21, 1897.

69    41
52LRA834n

Nos. 10,544—(169).

**Partnership—Existence as against Creditors.**

Parties will be *held* prima facie to be partners, as to creditors upon slighter proof than is necessary to establish that relation among themselves. In such cases, representations, conduct, and circumstances nat-

[1] Reported in 71 N. W. 823.

urally calculated or likely to beget the belief that the parties were partners, as alleged, is sufficient to make the question one for the jury.

**Same—Evidence.**

A member of a co-partnership may testify who constitute the firm.

**Same—Entry in Account Book.**

Entries in the account books of a firm are not evidence against a defendant to show that he was a member of the firm, unless accompanied by other evidence fairly tending to show that he had knowledge of such entries, and assented expressly or impliedly thereto.

**Same—Question for Jury.**

Evidence considered, and *held*, that the trial court erred in instructing the jury that there was no evidence from which they could find that the defendant was in fact a partner with his co-defendants herein.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., denying his motion for a new trial after a verdict for defendant J. G. Howard. Reversed.

*Humphrey Barton*, for appellant.

*Wm. B. Phelps*, for respondents.

START, C. J.

The plaintiff, between July 1 and December 1, 1895, sold merchandise to the value of $2,640 to the firm of Howard & Haynie, then retail merchants at Duluth. This action was brought against the defendants to recover therefor, on the ground that they were the individual members of such partnership. The defendant J. G. Howard answered separately, putting in issue all of the allegations of the complaint. The plaintiff on the trial claimed that J. G. Howard was in fact a member of the firm of Howard & Haynie, and also that he held himself out to be such partner, and that the plaintiff, relying on such representations, sold to the firm the merchandise on credit. At the close of the evidence, the trial court instructed the jury that there was no evidence to justify a finding by the jury that J. G. Howard was in fact a member of the firm of Howard & Haynie, to which instruction the plaintiff excepted. The court, however, did submit to the jury the question whether J. G. Howard held himself out to be a member of the firm, or knowingly permitted it to be done. Verdict for the defendant J. G. Howard, and the plaintiff appeals from an order denying his motion for a new trial.

The only, question of importance or difficulty presented by the assignment of errors is: Did the trial court err in refusing to submit to the jury the question whether J. G. Howard was in fact a member of the partnership in question? If there was any competent evidence in the case reasonably tending to support a finding that he was in fact such partner, the court erred; otherwise, not.

It is admitted that the defendants E. C. Howard and J. E. Haynie were partners under the firm name of J. E. Haynie & Co.; that the firm name was changed about July, 1893, to Howard & Haynie; that in January, 1896, they made an assignment for the benefit of their creditors, under the insolvency laws of the state; and that J. G. Howard proved his claim against the estate of the firm for the $15,000 hereinafter mentioned, as a creditor, which was allowed.

The following is a brief summary of the evidence and facts, which the plaintiff claims were sufficient to take the case to the jury on the question whether J. G. Howard was in fact a partner: On July 10, 1893, he paid to the firm of J. E. Haynie & Co. the sum of $15,000. He and his brother testified that it was a loan to the firm. No note or receipt for the amount was taken at the time, but on April 4, 1894, and not before, the defendants J. E. Haynie and E. C. Howard gave to J. G. Howard their joint note therefor, dated July 10, 1893, payable on demand. At or about the time this $15,000 was paid to the firm, there was talk of a partnership by the three defendants, and an attorney was employed to draw a co-partnership contract, which E. C. Howard testified was signed, but that it never became operative, and all negotiations for a co-partnership with J. G. Howard were abandoned. It was about this time that the firm name was changed to Howard & Haynie. New stationery was procured by the firm, having on the letter and bill heads the names of all three of the defendants. The firm continued to use this stationery until the assignment was made. Also, J. G. Howard, about this time, was credited in the stock account on the books of the firm by Haynie, or under his direction, with $10,000, and the profit and loss account, under date of December 1, 1893, was debited to J. G. Howard, as his share of estimated profits, in the sum of $3,333.33. On April 4, 1894, J. G. Howard gave or authorized to be given, to an agent of a commercial agency, an instrument signed by him, in these words:

"Know all men by these presents, that I, John G. Howard, have no interest in the firm of Howard & Haynie, and am not a creditor for the $15,000 I put in July 1, 1893."

At this time he had the note of J. C. Haynie and E. C. Howard for the $15,000. The defendant J. G. Howard testified that he had no knowledge of the entries in the books of the firm at any time, or of the use of his name on the letter and bill heads, until shortly before the assignment was made, when his attention was called to it by the cashier of his bank. It appears, however, that his family traded with the firm, and bills with his name thereon as one of the firm were sent to his house monthly, which he paid at the store, but he testified that he never noticed his name on the bill heads. Both J. G. and E. C. Howard testified positively that the former was at no time a member of the firm. There was no evidence as to the financial condition of the firm in April, 1894, when the note for the $15,000 was taken; but it does appear that J. G. Howard subsequently indorsed the notes of the firm. There was no explanation why, if the $15,000 was a loan, no note or receipt for it was taken, or why the note was taken when it was taken. The evidence is practically conclusive that J. G. Howard at no time took any part or interest in the management of the affairs of the firm, except that, at a discount sale held about a week before the assignment, he, on several occasions, took charge of the cash, and deposited it in the bank; but there was evidence to the effect that, while his brother was in business, he was accustomed to call at the store once or twice a week.

It is the opinion of the majority of the court that the foregoing evidence and facts made a case for the jury on the question whether the defendant J. G. Howard was in fact a partner in the firm of Howard & Haynie, and that the trial court erred in refusing to submit the question to the jury. Justice MITCHELL and myself dissent from this conclusion. We are of the opinion that the evidence was insufficient to justify a finding by the jury that J. G. Howard was a member of the firm at the time plaintiff's debt was contracted.

Parties will be held prima facie to be partners as to creditors upon slighter proof than is necessary to establish that relation among themselves. In such cases, representations, conduct, and

circumstances naturally calculated or likely to induce the belief that the parties were partners are competent. Of necessity, this evidence must be largely circumstantial. There was evidence of this character offered in this case, which, unexplained, had a natural tendency to beget the belief that J. G. Howard was at one time in fact a member of the firm of Howard & Haynie. If he was, then that fact, even if he had in fact ceased to be such partner at the time the plaintiff's debt was contracted, would have an important bearing on the question whether he knowingly permitted himself to be held out as a partner.

As to some of the most probative facts and circumstances relied on by the plaintiff to show such partnership no explanation was offered, and as to others it was the province of the jury to decide on the sufficiency of the proffered explanation. As there must be a new trial, we refrain from discussing the evidence.

Counsel for respondents calls our attention especially to the alleged fact that there is no evidence tending to show that J. G. Howard was to share in the profits of the firm,—an important element in the proof of a partnership. There is no direct evidence of this character, but, if he put the $15,000 into the firm for the purpose of becoming a partner, the right to share in the profits would be inferred, though nothing was agreed on with respect to them. Fountain v. Menard, 53 Minn. 443, 55 N. W. 601.

With reference to a new trial, it is proper to add that the trial court did not err in permitting E. C. Howard to state who constituted the firm. Gates v. Manny, 14 Minn. 13 (21).

Entries in the account book of the firm are not evidence against J. G. Howard, unless accompanied by other evidence fairly tending to show that he had knowledge of such entries, and expressly or impliedly assented to them. Robins v. Warde, 111 Mass. 244.

Order appealed from reversed, and a new trial granted.