ROBERT B. COLEMAN v. RETAIL LUMBERMEN'S INSURANCE
ASSOCIATION.

77     31
52LRA721n

June 14, 1899.

Nos. 11,628—(174).

## Insurance Policy—Warranty—Laws 1895, c. 175, § 52.

Laws 1895, c. 175, § 52, provides: "In all insurance against loss by fire
the conditions of insurance shall be stated in full, and neither the ap-
plication of the insured nor the by-laws of the company shall be con-
sidered as a warranty or a part of the contract, except so far as they are
incorporated in full into the policy." *Held*, by reason of this section, the
description of the property insured, or the location thereof, as found in
the application (not made a part of the policy), does not limit the descrip-
tion stated in the policy.

## Account Books Admissible in Evidence.

*Held*, where accounts between a party to the action and third parties
are material evidence, his books containing such accounts are admissible
in evidence when proved by such party in the manner provided by G. S.
1894, § 5738.

## Secondary Evidence.

Rule applied that secondary or less satisfactory evidence is admissible
where better evidence is not obtainable.

Action in the district court for Hennepin county to recover $1,-
372.21 on a policy of insurance. The case was tried before John-
son, J., and a jury, which rendered a verdict in favor of plaintiff for
$820.60; and from an order, Brooks, J., denying a motion for a new
trial, defendant appealed. Affirmed.

*Russell, Cray & Jamison*, for appellant.

*E. J. Scofield*, for respondent.

CANTY, J.

Plaintiff owned a lumber yard at Elbow Lake, Minnesota, where
he conducted a retail lumber business. On August 11, 1896, the
defendant insurance company issued to him its policy of insurance
insuring him against loss of his lumber by fire in a sum not exceed-
ing $3,000. Thereafter, on August 27 of that year, a fire occurred,
resulting in loss to him by the burning of his lumber, and this ac-

tion is brought on the policy to recover for the same. On the trial, plaintiff recovered a verdict for $820.60, and from an order denying a new trial defendant appeals.

1. Before the policy was issued plaintiff signed and delivered to defendant a written application for the same. The policy refers to this application, and declares that it forms a part of the policy and of the contract between the parties, but neither the application nor a copy thereof was ever attached to the policy or incorporated in it. There is a plat or "survey" on the back of the application . which purported to define the limits of the lumber yard. Appellant claims that two car loads of the lumber on which loss is claimed were burned outside of these limits. This lumber is covered by the language of the policy itself, which purports to insure plaintiff's lumber "while situate on right of way of Great Northern Railroad in Elbow Lake, Grant county, Minnesota." The application also contained a warranty that the average value of the stock carried by plaintiff was $3,700, and appellant claims that this warranty is false, and that, therefore, plaintiff is not entitled to recover. This warranty is not incorporated in the policy. Plaintiff offered the policy in evidence without offering the application. Appellant objected because the application was not also offered, and the overruling of this objection is assigned as error.

In order to dispose of these different questions it is necessary to determine the effect of Laws 1895, c. 175, § 52, which is quoted in the syllabus. We are of the opinion that by virtue of this section the application was not "a part of the contract except so far as * * * incorporated into the policy," and that this applies as well to matters of description of the property insured, or the location of the same, as to warranties and other conditions found in the application, but not incorporated in the policy. By virtue of this section, the policy alone is the contract, and we hold against appellant on all of the questions thus raised. But, while the warranty in the application cannot be regarded as a part of the contract, it was still competent evidence on the issue of fraud, and appellant was entitled to introduce the application in evidence, as appellant did do, for the purpose of showing that plaintiff made false representations which it claims induced it to issue the policy.

**2.** For the purpose of proving the amount of lumber on hand just prior to the fire, plaintiff proved the amount on hand on January 1, 1896, when an inventory of the stock on hand was taken. He then proved his books of account in the manner provided by G. S. 1894, § 5738, and introduced them in evidence for the purpose of showing the amount of lumber since purchased and the amount since sold, in much the same manner as that described in Levine v. Lancashire Ins. Co., 66 Minn. 138, 68 N. W. 855. Appellant objected to the offer of the books in evidence on the ground that no foundation was laid for their introduction, and assigns the overruling of the objection as error. Appellant contends that section 5738 applies only to cases where the account purports to be one between the parties to the action; that the accounts in these books purport to be between plaintiff and various third parties with whom he dealt; and that, therefore, if the books are admissible at all, it is only after they have been proved in the manner provided by the common law, and that proof under the statute is not sufficient in such a case. Said section 5738 reads as follows:

"Whenever a party in any cause or proceeding produces at the trial his account books, and proves that said books are his books of account kept for that purpose, that they contain the original entries of charges for moneys paid, or goods or other articles delivered, or work and labor or other services performed, or materials furnished; that the charges therein were made at the time of the transactions therein entered; that they were in the handwriting of some person authorized to make charges in said books, and are just and true as the person making such proof verily believes, the witness by whom said books are sought to be proved being subject to all the rules of cross-examination, and said books subject to all just exceptions as to their credibility, said books shall be received as prima facie evidence of the charges therein contained."

The books here offered were the books of a party to the cause. "They contain the original entries of charges for moneys paid" (to or by such party) "or goods or other articles delivered" (to or by such party). The application of the statute is not expressly or by fair implication limited to cases where the charges so made and the accounts so kept are between both parties or between all parties to the action, and we cannot hold that such is the proper con-

struction of the statute. There is a conflict of authority as to when and how far, independent of any statute, the books of third persons are admissible in evidence. See 9 Am. & Eng. Enc. (2d Ed.) 932, 937, and notes. But that question is not now before us. This case comes within the statute. It would seem that this court came to the same conclusion in Winslow v. Dakota Lumber Co., 32 Minn. 237, 20 N. W. 145, where the plaintiff claimed that he delivered goods to one Thompson on the promise of the defendant to pay for them, and it was held that plaintiff's books in which he charged the goods to Thompson were admissible in evidence.

3. The trial court did not err in permitting plaintiff, when testifying in his own behalf, to state as best he could the amount and quality of the lumber in the cars that were burned. So far as appears, no better evidence of the contents of the cars was obtainable. Neither did the court err in permitting the witness Norgaard to testify to the total value of the lumber remaining after the fire, as shown by the last inventory taken immediately after the fire. True, the witness could not remember the items entered in the inventory, or the value of each item, but he himself prepared the inventory, and testified that he knew it was correct. This disposes of the case.

Order affirmed.