## MINNESOTA DEBENTURE CO. v. RASMUS JOHNSON.[1]

October 27, 1905; May 4, 1906.

Nos. 14,488, 14,735—(145).[2]

**Ejectment.**

In an action of ejectment the plaintiff showed title in D and a judgment in an action by it against D quieting title to the premises in the plaintiff. It further showed by the evidence of the defendant J that his possession was as a tenant of D under a written lease made or renewed after the entry of the judgment against D and that he made no other claim to the land. *Held*:

(a) That D and J were privies in estate and that J was concluded by the judgment against D.

(b) That the evidence of J to show the tenancy and the nature of his claim to the land was properly received. Whether J was claiming the land as a tenant of D was an independent fact within his personal knowledge and his statement of that fact did not call for the contents of the written instrument or an opinion as to its legal effect.

Action of ejectment in the district court for Hennepin county. The case was tried before Holt, J., who directed a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Plaintiff moved to dismiss the appeal on the ground of defective notice. Motion to dismiss denied. Order affirmed.

*Savage & Purdy,* for appellant.

*John F. Fitzpatrick,* for respondent.

On the motion to dismiss the following opinion was filed on October 27, 1905.

PER CURIAM.

Motion to dismiss the appeal herein on the ground that no sufficient notice of appeal was ever made or served.

The notice was in all respects complete, except that by inadvertence the word "applies" was used therein, instead of the word "appeals." A notice of appeal is to be construed liberally, and held sufficient when

[1] Reported in 104 N. W. 1149; 107 N. W. 740.    [2] April, 1906, term.

its meaning is obvious. The meaning of the notice is this case was so obvious that no one could be misled.

Motion denied.

On May 4, 1906, the following opinion was filed:

ELLIOTT, J.

In an action of ejectment the plaintiff prevailed and from an order denying a new trial the defendant appealed to this court where the order was reversed and a new trial granted. 94 Minn. 150, 102 N. W. 381. After a second trial the case now comes here on appeal by the defendant from an order denying a motion for judgment for the defendant notwithstanding a verdict for the plaintiff, or for a new trial.

The facts are fully stated in the former opinion. On the first trial the plaintiff traced the title from the United States government by mesne conveyances to George F. Dean and showed the entry of a judgment on February 4, 1899, against Dean, quieting the title to the land in the plaintiff. No attempt was made to connect the defendant Johnson with Dean and the judgment against Dean was therefore not effective as against Johnson. It does not appear, said Justice Brown on the former appeal, whether the defendant obtained whatever title in the land he may have through Dean, or that he holds possession in any way in privity with him. He was not therefore, bound by the judgment under which the plaintiff asserts title to the land. In order to render the judgment effective against him, he being in actual possession of the land at the time it was rendered, the burden was upon the plaintiff affirmatively to show that he holds the same under or through Dean, or exhibit the title or right upon which it obtained judgment, and which was thereby confirmed. The plaintiff would therefore be entitled to the land as against Dean, and if the defendant Johnson was Dean's tenant under a lease made after the entry of the judgment, his rights were no greater than those of Dean. Blew v. Ritz, 82 Minn. 530; 1 Freeman, Judgments, § 169.

On the second trial the plaintiff, instead of disclosing its title, proved to the satisfaction of the trial court that Johnson was Dean's tenant and made no other claim to the land. The defendant now contends, (1) that the plaintiff has not shown title in itself, (2) that the judgment against Dean is not conclusive as to Johnson, because it affects

only such rights as he derived from Dean, and (3) that the court, over his objections, received incompetent evidence to show that Johnson was Dean's tenant.

The first contention was disposed of on the former appeal. The plaintiff was required either to show the title under which it claimed to hold the land or to prove that the defendant held under or through Dean. It elected to pursue the latter course. It is conceded that Dean's interest is cut out by the judgment and that the judgment estops Johnson from asserting any claim to the land derived from Dean. Privies in estate are bound because they have succeeded to some estate of interest which is bound in the hands of the former owner. It may be admitted, as claimed by counsel, that a person is not deemed to claim under another if in fact he does not claim under that other. Chand, Res Judicata, 156. But the converse,—that a party is in privity with another when in fact he does claim under that other, although he may have some other undisclosed claim,—must also be true. His rights in the action are determined by the claim which he in fact makes. Therefore if Johnson in this action claimed only through Dean, he is in privity with him and bound by the judgment which determined Dean's rights.

.The defendant when called by the plaintiff, testified as follows:

Q. Did you ever claim, or do you claim now to own the land in this lawsuit, yourself?

A. No it is not my land.

Q. During all the time that you were on the land, did you hold it under George F. Dean?

A. Yes I rented it from him.

This is definite and clear and it would doubtless surprise Johnson to learn that he was not Dean's tenant and that he has any interest in the land other than as such tenant. He further testified that he first rented the property about 1895; that he had had many leases but did not remember how many, and that he "had one for the year before last," which would be 1903, which he burned up because he moved. It thus clearly appeared that about 1895 Johnson took possession of the property as the tenant of Dean and that the lease was renewed or a new lease made, after the entry of the judgment in 1899.

But the defendant contends that the evidence by which this was

shown was improperly received because it called for the contents of the written leases and an opinion as to the character of the defendant's possession. It was a question of the application of recognized rules governing the production of evidence. The existence of certain relations, although created by instruments in writing, may be shown by parol. Widdifield v. Widdifield, 2 Binn. 245; Cutler v. Thomas, 25 Vt. 73; Rosenbaum v. Howard, 69 Minn. 41, 71 N. W. 823; Alderson v. Clay, 1 Starkie, 405. The terms of the tenancy were not in issue. They could have been shown only by the production of the writings or, under proper conditions, by secondary evidence. But whether the witness was in possession of the land as a tenant of Dean was an independent fact within his personal knowledge, and there could be as against him no better evidence of the character of his claim than the witness's own statement. In 1 Greenleaf, Ev. (16th Ed.) § 87, it is said that, "if the fact of the occupation of land is alone in issue without respect to the terms of the tenancy, this fact may be proved by any competent oral testimony such as payment of rent or declarations of the tenant, notwithstanding it appears that the occupancy was under an agreement in writing; for here the writing is only collateral to the fact in question." So in 2 Wigmore, Ev. § 1246, it is said, "the fact that a person occupies the relation of tenant as to a piece of land or its owner, is a distinct fact; for he may have become tenant by parol or by writing and the tenancy is the result of the transaction and is not the transaction itself." The rule is applied in Rex v. Holy Trinity, 7 B. & C. 611; Taylor v. Peck, 21 Gratt. 1; and Raynor v. Lee, 20 Mich. 384. See 1 Elliott, Ev. § 574 and 1 Greenleaf, Ev. (16th Ed.) § 563k.

Even though the question directed to the witness called upon him to make admissions as to the contents of written documents, it would not necessarily follow that the rulings of the trial court were erroneous. There is ample authority to support the rule that it is not necessary to produce a document when its contents can be proven by the admissions of the adverse party. The leading case of Slatterie v. Pooley, 6 M. & W. 664, established the rule in England that a parol admission by a party to a suit is admissible in evidence against him although it relates to the contents of a deed or other written instru-

ment. Although there are American authorities to the contrary, some of which are cited by defendant, the better authorities in this country have apparently accepted the rule of Slatterie v. Pooley. The question is fully discussed in 2 Wigmore, Ev. § 1256, et seq. But we are not required to determine this question, as the case is disposed of by the rule to which reference has already been made.

The order appealed from is affirmed.