## JOHN B. CLABOTS v. JAMES BALLWEBER AND ANOTHER.[1]

### June 30, 1916.

### Nos. 19,829—(200).

**Broker — contract for commission — evidence.**

1. Evidence *held* sufficient to justify a finding of the jury that there was a contract between the plaintiff and the defendants for a specified commission on the sale of real estate.

**Evidence — books of account incompetent.**

2. The books of account of the defendants showing that the transaction involved was with another party instead of with the plaintiff were incompetent as against the plaintiff.

Action in the district court for Hennepin county against the copartners doing business under the firm name of Ballweber & Edgerton to recover a balance of $796.12 for services in selling certain land. The case was tried before Molyneaux, J., who when plaintiff rested denied defend-

[1]Reported in 158 N. W. 621.

---

Note.—For an elaborate treatment of the question of party's books of accounts as evidence in his own favor, see note in 52 L.R.A. 546.

ants' motion to dismiss the action, and a jury which returned a verdict for $1,021.02. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Hall & Tautges,* for appellants.

*Buck & Jorgenson* and *J. B. Faegre,* for respondent.

DIBELL, C.

Action to recover real estate commissions. Verdict for the plaintiff. Appeal by the defendants from an order denying their motion for a new trial.

1. The defendants Ballweber and Edgerton owned 1640 acres of land in Wisconsin purchased at $7.50 per acre, and had a contract for 480 acres at $7 per acre. They were sold at $10 per acre. The plaintiff, residing at Jamestown, North Dakota, aided in the sale. His claim is that he was to have from the defendants one-fourth of the profit as his commission. The claim of the defendants is that one William Ballweber was to have one-half of the profit and that whatever arrangement the plaintiff had was with him and not with them. This was the issue. The plaintiff made the original agreement with William Ballweber, who was without authority to bind the defendants, and later the matter was talked over between the plaintiff and the defendants. The evidence is conflicting, but it is sufficient to support the plaintiff's contention that he had a contract with the defendants for an agreed commission.

2. At the trial the defendants offered in evidence their books of account, showing the transaction to be between them and William Ballweber. The plaintiff was not connected with the accounts. Upon his objection the evidence was excluded. The ruling was right. Brackett v. Cunningham, 44 Minn. 498, 47 N. W. 157; Rosenbaum v. Howard, 69 Minn. 41, 71 N. W. 823; 3 Jones, Evidence, § 574, and cases cited. This is not a case where the accounts between a party to an action and a third party are material to the issue. Coleman v. Retail L. Ins. Assn. 77 Minn. 31, 79 N. W. 588.

There are no other questions requiring mention.

Order affirmed.