THE FARGO MERCANTILE COMPANY, a Corporation, Appellant, v. MARTIN E. JOHNSON and C. E. Hamilton, Respondents.

(171 N. W. 609.)

**Guaranty — contracts — interpretation.**

The contract of guaranty upon which the suit is founded is *held* not to be ambiguous and, according to its terms, to be applicable to an existing account for goods previously sold as well as to goods sold subsequent to its execution.

Opinion filed February 7, 1919.

Appeal from the District Court of Cass County, *Cole*, J.

Reversed.

*Engerud, Divet, Holt, & Frame,* for appellant.

If the terms of a promise are in any respect ambiguous or uncertain it must be interpreted in the sense in which the promisor believed at the time of making it that the promisee understood it. Comp. Laws 1913, §§ 5900, 5914; Rindge v. Judson, 24 N. Y. 64; Smith v. Mallison, 148 N. Y. 241; Scott v. Wyatt, 24 Ala. 489; Tootle v. Elge-

setter (Neb.) 15 N. W. 228; Locke v. McVean, 33 Mich. 472; Drummond v. Prestman, 12 Wheat. 515; Bridgeport v. Iowa, etc. (Iowa) 107 N. W. 937.

If the terms of a written contract are uncertain or ambiguous, parol evidence of all the facts and circumstances connected with the making of the contract should be admitted.  Comp. Laws 1913, § 5907; Hazelton v. Fargo, etc. Co. 4 N. D. 376; Belloni v. Freeborn, 63 N. Y. 383; Bank v. Myles, 73 N. Y. 338; Hoffman v. Maynard, 93 Fed. 177.

*Lyman Miller,* for respondents.

A preamble of a statute is a clause introductory to and explanatory of the reasons of passing the act.  147 Ind. 624, 37 L.R.A. 294, 62 Am. St. Rep. 477, 47 N. E. 19, 23; Luzerne County, 167 Pa. 632, 31 Atl. 862, 155 Ind. 374, 58 N. E. 496.

When used in a contract for the sale of chattels, "sold" does not necessarily imply a change of title. - Whether the contract changed the title to the goods, or only agreed to sell and deliver it thereafter, depends on the whole language used in the contract.  Gallupp v. Sterling, 22 Misc. 672, 49 N. Y. Supp. 945 (citing Anderson v. Read, 106 N. Y. 351, 13 N. E. 292; Blackwood v. Cutting Packing Co. 76 Cal. 212, 9 Am. St. Rep. 199, 18 Pac. 251; Brooks v. Libby, 89 Me. 151, 36 Atl. 66; Pittsburgh, C. C. & St. L. R. Co. v. Knox, 177 Ind. 344, 98 N. E. 295; Russell v. Nicoll, 3 Wend. 119, 20 Am. Dec. 670.

Where the words in the operative part of a written instrument are of doubtful meaning the recitals preceding the doubtful part may be used as a text to discover the intention of the parties and fix the meaning of the words.  2 Elliott, Contr. 1315; McCormick Harvesting Mach. Co. v. Laster, 70 Ill. App. 425; Chicago & C. R. Co. v. Aurora, 99 Ill. 205; American Surety Co. v. Halliwell Co. 9 Kan. App. 8, 57 Pac. 237.

BIRDZELL, J.  Plaintiff appeals from a judgment in its favor, which was entered in the district court of Cass county, for the sum of $463.95.  The action was predicated upon the following contract of guaranty:

Whereas, Everybody's Store of Fargo, North Dakota, desires to

purchase goods, wares, and merchandise on credit of the Fargo Mercantile Company of Fargo, North Dakota,

Now, therefore, in consideration of such sales on credit by the Fargo Mercantile Company, we do hereby promise, agree, and undertake that said Everybody's Store shall pay for all goods, wares, and merchandise sold and to be sold as aforesaid; whether said indebtedness is in the form of notes, bills, or open account; and we do hereby waive notice of acceptance, sales, and deliveries and accounts of credit given as aforesaid and extensions of time of payment. It is understood and agreed that this is an open and continuing guaranty to the amount hereinafter named, and shall continue in force notwithstanding any change in the form of such indebtedness or renewals or extensions granted. And in consideration of such sales and deliveries, we do hereby guarantee payment of all claims above mentioned to the amount of fifteen hundred ($1,500) dollars.

Martin E. Johnson<br>
C. E. Hamilton.

Witness: C. H. Lavell,<br>
Dated at Fargo, N. D., Sept. 14, 1914.

The plaintiff claimed that, under the above contract, it was entitled to the sum of $1,329 and interest, which represents the balance due it upon the account of Everybody's Store. It appears that, at the date of the execution of the foregoing guaranty contract, Everybody's Store was owing to the plaintiff on account for goods $1,233.36. Subsequent to the execution of the guaranty, additional credit was extended, amounting to several hundred dollars. Everybody's Store became involved and went into bankruptcy. In ruling upon the testimony offered during the trial, the court held that the guaranty contract related only to goods sold after its date, and that it could not be construed as affording additional security for the balance due at the time of its execution. This ruling presents the only question that is involved upon this appeal.

It is our opinion that the guaranty contract is one in which the defendants undertook to secure to the plaintiff the account of Everybody's Store up to the amount of $1,500, regardless of the date or time that the goods entering into the account were sold. It is a continuing guar-

anty calculated to induce the recipient to extend the limited line of credit to the one whose account is guaranteed, or, if credit had already been extended for a portion of the amount, of inducing the recipient to refrain from taking means of collection to the possible detriment of the principal debtor. Under the express language of the contract, the agreement is to pay for all goods, wares, and merchandise *"sold and to be sold as aforesaid."* Effect cannot be given to this language without holding the contract applicable to merchandise sold prior to its execution. It seems to us that the contract is unambiguous, and from this it follows as a consequence that the court erred in sustaining objections to the introduction of the plaintiff's books of account going to show the state of the account of the principal debtor on September 14, 1914.

It is unnecessary to consider the other assignments of error. The judgment is reversed and the cause remanded for a new trial.

ROBINSON and GRACE, JJ., dissent.