FARGO MERCANTILE COMPANY, a Corporation, Respondent, v. MARTIN E. JOHNSON et al., Appellants.

(181 N. W. 953.)

**Evidence — loose-leaf ledger account under double-entry system held admissible.**

1. A loose-leaf ledger account for merchandise sold, made under a double entry system from original memoranda of orders taken, is admissible in evidence, pursuant to § 7909, Comp. Laws 1913.

**Evidence — loose-leaf ledger account held admissible against guarantors as res gestæ.**

2. In an action on a contract of guaranty, such ledger account is admissible against the guarantors as a part of the *res gestæ*.

Opinion filed March 4, 1921.

Action in District Court of Cass County, *Englert,* J., on a contract of guaranty. From a judgment in favor of the plaintiff the defendants have appealed.

Affirmed.

*Lyman Miller,* for appellants.

Plaintiff's exhibit "A," should not have been admitted over the objections of the defendants, for the following reasons:

NOTE.—For authorities discussing the general rule that a party's own books of original entries made in the ordinary course of business, and contemporaneous to the transactions to which they relate, are admissible, has been generally held to include card-index or loose-leaf systems of accounts, such forms being regarded as books within the meaning of the rule, see note in L.R.A.1916B, 634, on admissibility of card-index or loose-leaf system of accounts.

That they are not the plaintiff's original entries of the first per-
manent records of the transaction. Jones, Ev. 1913 ed. § 569, p. 706;
N. D. Comp. Laws 1913, §§ 7900, 7909.

A person's books of account cannot be used as evidence upon issues be-
tween third persons; that entries in such books as to such third persons
are *res inter alios acta,* and cannot be used against persons not parties to
them. Boyd v. Yerkes, 25 Ill. App. 527; Schwartz v. Sutherland, 51
Ill. App. 175; Harrison v. Lagow, 1 Blackf. 307; Ridgeley v. Johnson,
11 Barb. 527; Sloan v. McDowell, 75 N. C. 29; Powers v. Hazelton &
L. Y. Co. 33 Ohio St. 429.

Books of account are not admissible as evidence of any facts that
may arise collaterally. Moody v. Roberts, 41 Miss. 74; Gage v. M'Ill-
wain, 1 Strobh. L. 135; Juanita Bank v. Brown, 5 Serg. & R. 226.

*Engerud, Divet, Holt, & Frame,* for respondent.

The ledger was the original permanent book of record and the en-
tries therein were made contemporaneously with the events recorded.
United States v. Gaussen, 19 Wall, 197, 22 L. ed. 41; Union Cent. L.
Ins. Co. v. Smith, 77 N. W. 706; Coleman v. Retail L. Asso. 79 N. W.
588.

BRONSON, J: *Statement:*—This is an action upon a contract of
guaranty for goods sold and delivered. Upon a previous appeal (41
N. D. 534, 171 N. W. 609) this court held that the contract covered
goods sold anterior to its date. The defendants have appealed from a
judgment awarded for goods sold, both anterior and posterior to the
date of the contract of guaranty. The essential facts necessary to be
stated are as follows:

Between October 17' 1913, and September 14, 1914, the plaintiff
engaged in the wholesale business, sold and delivered certain merchan-
dise to the Everybody's Store, a corporation engaged in the retail busi-
ness. On September 14, 1914, the account between the retailer and the
wholesaler not being in a satisfactory state, and the plaintiff desiring
security in order to continue the credit relations and further sales, the
defendants, who were then officers of the retail company, one, the presi-
dent and the other, the active manager, made to the plaintiff the con-

47 N. D.—20.

tract of guaranty herein involved. Thereafter, until October 1914, further sales were made to the company. Thereupon the retail company went into bankruptcy. This action is maintained to recover the amount due for the sales made, less moneys paid upon the account by the trustee in bankruptcy. Upon the trial the plaintiff introduced in evidence its loose-leaf ledger sheets of its account with the retail store. The plaintiff, in maintaining books of account, employed the double entry loose-leaf system. This system involved substantially the following operations: The making of an order for merchandise by a salesman personally, or, over the telephone; the checking of such order through the credit department and its final shipment with the invoice to the vendee. These orders so made, after verification, were thereupon posted in the ledger from which the account introduced in evidence was taken. These orders were thereupon filed alphabetically for each day's business. They were kept a few years and then destroyed. Evidence was also introduced that the orders for the merchandise sold to Everybody's Store up to September 14, 1914, had been destroyed. That the ledger sheets introduced were the permanent records of the plaintiff and they were verified as true and correct by the plaintiff's bookkeeper and its cashier. The evidence further shows that, when this contract of guaranty was signed by the defendants, plaintiff's credit man produced for the defendants a full itemized statement of the account; that the defendants referred to the retail store ledger, compared it, and such account agreed therewith. The defendants offered no evidence. Both parties moved for a directed verdict, the defendants, particularly, that judgment be rendered against them for only the amount of merchandise furnished since the date of the contract of guaranty. The trial court, dismissing the jury, made findings of fact in favor of the plaintiff for the whole amount of the unpaid account. Upon this appeal the defendants specify, as grounds for reversal, that the trial court erred in receiving the ledger account as proof of the particular goods sold and delivered, and, particularly as against these defendants who are third parties with respect to the sales so made.

Decision.—Upon this record the trial court properly received in evidence the ledger account of the plaintiff. The record sufficiently demonstrates that this ledger account was the permanent book record of the plaintiff's account with the retail store. This account was admissible

pursuant to § 7909, Comp. Laws 1913. The sufficiency of the testimony to permit its admission under the statute was for the trial court. See Dr. R. D. Eaton Chemical Co. v. Doherty, 31 N. D. 175, 184, 153 N. W. 966. Under the circumstances of this record it was entirely proper for the trial court to regard the ledger account involved as the book of original entries, and also as the first complete and permanent record of the debits and credits between the parties. See Haley & L. Co. v. Vecchio, 36 S. D. 64, L.R.A.1916B, 631, 633, 153 N. W. 898; State v. Stephenson, 69 Kan. 405, 105 Am. St. Rep. 171, 76 Pac. 905, 2 Ann. Cas. 841; Minot Flour Co. v. Swords, 23 N. D. 571, 575, 137 N. W. 828; 22 C. J. 887; 3 Jones, Ev. § 569; 2 Wigmore, Ev. §§ 1518 and 1549. The record affirmatively shows that the orders in question were not collated as an account against the store but were rather used as memoranda distributed by days. Furthermore as against these defendants the account in question was admissible as part of the *res gestæ.* Coleman v. Retail Lumbermen's Ins. Co. 77 Minn. 31, 79 N. W. 588; United States v. Gaussen, 19 Wall. 198, 22 L. ed. 41; Northern Trust Co. v. First Nat. Bank, 33 N. D. 1, 19, 156 N. W. 212. The judgment is affirmed with costs to the respondent.

CHRISTIANSON and BIRDZELL, JJ., concur.

ROBINSON, J. I dissent as in the former case.

GRACE, J. (dissenting). I dissent, for the same reason that I dissented in the case of Fargo Mercantile Co. v. Johnson, 41 N. D. 534, 171 N. W. 609.