J. P. SPIES, Respondent, v. JOHN STANG, Appellant.

(218 N. W. 860.)

**Evidence — in action on book account — loose-leaf individual ledger constituting permanent record, held admissible.**

1. In an action to recover the balance due upon a book account it is *held:*

That a loose-leaf individual ledger, being the permanent record of the individual account of a customer for merchandise sold to such customer, is admissible in evidence under § 7909, Comp. Laws 1913, which provides that "any entries in a book or other permanent form, in the usual course of business,. contemporaneous with the transactions to which they relate and as a part of or connected-with such transactions, made by persons authorized to make the same, may be received in evidence when shown to have been so made upon the testimony of . . . the person who made the same."

**Book account — verdict held to be sustained by evidence.**

2. That a verdict in favor of the plaintiff for the amount claimed to be due upon such account is sustained by the evidence.

Note.—(1) On admissibility in evidence of loose-leaf system of account, see annotation in L.R.A.1916B, 634; 10 R. C. L. 1178; 2 R. C. L. Supp. 1165; 5 R. C. L. Supp. 592.

Opinion filed March 30, 1928. Rehearing denied April 16, 1928.

Accounts and Accounting, 1 C. J. § 185 p. 661 n. 2. Evidence, 22 C. J. § 1045 p. 871 n. 43.

Appeal from the District Court of Hettinger County, *Pugh*, J.

Defendant appeals from a judgment and from an order denying a motion for a new trial.

Affirmed.

*Jacobsen & Murray,* for appellant.

"A 'ledger' is a book of accounts, in which are collected and arranged, each under its appropriate head, the various transactions scattered throughout the party's journal or day book, and is therefore not a 'book' of original entries, within the rule." First Nat. Bank Bldg. Co. v. Vandenberg (Okla.) 119 Pac. 224.

"If the book is found not to be a book of original entries, or if for other reasons it fails to conform to the rules regulating its admission, the court will reject the evidence as incompetent." Eaton Chemical Co. v. Doherty, 31 N. D. 175, 153 N. W. 966.

"To justify the admission of a party's books of account on his behalf, it is incumbent upon him to show by proper evidence that the record of the transactions is a faithful and honest one." First Nat. Bldg. Co. v. Vandenberg, supra.

*L. J. Wehe,* for respondent.

A loose-leaf ledger account for merchandise sold, made under the double-entry system from the original memorandum of orders taken, is admissible in evidence pursuant to § 7909, Comp. Laws 1913. Fargo Mercantile Co. v. Johnson, 47 N. D. 304, 181 N. W. 953.

CHRISTIANSON, J. During the years 1918, 1919, and 1920, the Havelock Equity Exchange owned and operated an elevator at Havelock, North Dakota, wherein it carried on the business of buying and selling grain, seed, twine, fuel, gasoline, etc. During this time the defendant Stang was a customer of the Havelock Equity Exchange and from time to time purchased from it on credit various articles of merchandise of the kind handled by the Exchange and from time to time made payment on his account. On January 23, 1922, the Havelock Equity Exchange was adjudged a bankrupt in the U. S. District Court

for the district of North Dakota. On June 10, 1922, one Van Hook was appointed trustee in said bankruptcy proceeding and he thereafter duly qualified and entered upon his duties as trustee. On May 13, 1924 the said trustee in bankruptcy duly sold and assigned to the plaintiff, Spies, certain accounts and bills receivable of the Havelock Equity Exchange. Among the accounts receivable so sold and assigned was one against the above named defendant in the sum of $126.40. The last entry in such account purported to show that on July 24, 1920 the Exchange sold 100 pounds of twine to Stang. The plaintiff brought this action to recover upon said account. The complaint is in the usual form and alleges in substance the facts stated above and demands judgment for the amount of the account with interest. The answer is a general denial, but admits that the Havelock Equity Exchange was a domestic corporation and that it has been adjudged bankrupt. The case was tried to a jury upon the issues thus framed and resulted in a verdict in favor of the plaintiff. The defendant moved for a new trial. The motion was denied and the defendant has appealed from the judgment and from the order denying a new trial.

Appellant urges that the judgment and order appealed from should be reversed because: (1) The trial court erred in admitting evidence prejudicial to the defendant; and (2) the evidence is insufficient to sustain the verdict. These contentions will be considered in the order stated.

(1) The plaintiff offered and the trial court admitted in evidence what purported to be the portion of a loose-leaf individual ledger of the Havelock Equity Exchange showing the account against the defendant Stang; and it is contended that this record was inadmissible for the reason that it was not a book of original entry.

In laying a foundation for the introduction of the individual ledger, the plaintiff called as a witness one Voelz, who testified that he was the manager of the Havelock Equity Exchange during the years 1918, 1919 and up to and after July 24, 1920; that he kept the books of account of the Exchange during this time; that the individual ledger account of John Stang then exhibited to him was in his (Voelz's) handwriting. Voelz further testified that the individual ledger was posted from other documents in the elevator; that the first entries were made on sale slips and in what was denominated a "grain journal." He

further testified that the "grain journal" was a permanent record of the Exchange, but that the individual ledger was the "permanent record of the individual accounts" receivable of the Exchange. The ledger purports to show not merely the amount of credits and debits but the items or articles of the particular purchases and sales. And, as we construe the evidence, the individual ledger was the real permanent record of the transactions between the Exchange and each individual customer. In the circumstances we are of the opinion that the ledger was admissible in evidence and that a sufficient foundation was laid for its introduction. Fargo Mercantile Co. v. Johnson, 47 N. D. 304, 181 N. W. 953; 4 Jones, Ev. 2d ed. pp. 3307–3309. The undisputed evidence in this case shows that the ledger entries were made by Voelz, the person who had first hand knowledge of each transaction recorded. While the entries were not the first memoranda or record made of each transaction, they were, we think, "entries in a book or other permanent form, in the usual course of business, contemporaneous with the transactions to which they relate, and as a part of or connected with such transactions, made by persons authorized to make the same," and, "shown to have been so made upon the testimony of the person who made them," and, hence, they were admissible in evidence under the rule, announced by a large number of the late cases and specifically put in force in this state by legislative enactment, which looks to permanent records as original entries. 4 Jones, Ev. 2d ed. pp. 3307– 3309, 3311, 3312; Comp. Laws 1913, § 7909; Dr. R. D. Eaton Chemical Co. v. Doherty, 31 N. D. 175, 183, 185, 153 N. W. 968; Fargo Mercantile Co. v. Johnson, 47 N. D. 304, 181 N. W. 953.

(2) The contention that the evidence is insufficient to sustain the verdict is predicated largely upon the alleged inadmissibility of the individual ledger entries. The verdict does not, however, rest solely upon such entries. As stated, Voelz, who was manager of the Havelock Equity Exchange during the time the transactions were had between the Exchange and the defendant Stang, was sworn and testified as a witness upon the trial. He testified that the entries in the individual ledger were all in his handwriting. We have here then the testimony of the person who made the entries and who had personal knowledge of each of the transactions to which the entries purported to relate. The testimony of Voelz is corroborated by that of the de-

fendant Stang; for Stang testified that during the years 1918, 1919 and 1920 he had a large number of transactions with the Exchange and that until the fall of 1920 all such transactions were had with Voelz. When Stang's testimony is considered as a whole it is a matter of serious doubt if he disputed the correctness of the account, or gave any unequivocal testimony of payment. The answer contained no plea of payment but upon the trial defendant sought to amend the answer so as to plead payment. The application to amend was denied and no error is predicated upon such ruling. The defendant, however, was permitted to testify that in the fall of 1920 he sold some wheat to the Exchange and that in paying for the wheat, the Exchange deducted defendant's indebtedness to the Exchange. The defendant's testimony as to such payment is somewhat inconsistent with testimony formerly given, and his testimony as to the amount so paid, if any, is quite indefinite. The defendant had the benefit of his claim of payment though no payment had been pleaded. The jury, however, concluded that he was indebted in accordance with the books of the Havelock Equity Exchange, and we are agreed that the jury's finding has substantial support in the evidence.

The judgment and order appealed from are affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.