C. M. GARDNER *v.* ARACIDE GAUTHIER ET UX.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 4, 1928.

*A. W. Farman* and *E. A. Cook* for the defendants.

*Pierce & Miles* for the plaintiff.

POWERS, J. ▮ This an appeal in chancery from a decree in favor of the orator. The appellants are husband and wife. The decree was based upon facts found by the chancellor. By these it appears that the orator, negotiating with the husband who was buying for himself and wife, sold them the farm and personal property described in the bill for $3,000 on terms that $500 should be paid in cash, and the balance should be paid by a note secured by mortgages on said property. The orator and his wife then conveyed the real and personal property to the defendants. The $500 was paid. Mortgages on the property together with a note for $2,500, all signed by the husband alone were executed and delivered to the plaintiff. The papers were made by a town clerk. Later a suit was brought on the note, which went to judgment, and a small sum was realized on an execution sale for application thereon. Thereafter, a petition for foreclosure was brought by the orator in which the defendants filed an affidavit of defense setting up their coverture. The orator then amended his petition so as to ask for specific performance or cancellation of the deed he had given the defendants, for an accounting, and for general relief. The bill was not demurred to. The papers covering this farm deal were made in Mrs. Gauthier's absence, and it is found by the chancellor that there was no particular arrangement that she should sign the mortgages, but it "was expected and understood" that valid mortgages on the property should be given. The meaning of this last statement is important. We must read it so as to support the decree, if this can reasonably be done. *Reed* v. *Hendee,* 100 Vt. 351, 354, 137 Atl. 329. Construing it under this rule, the statement means that it was so understood by all the parties—the orator and both defendants. While the term "understanding" is said to be a loose and ambiguous one, *Camp* v. *Waring,* 25 Conn. 520, 529, it frequently signifies a binding agreement, *Barkow* v. *Sanger,* 47 Wis. 507, 3 N. W. 16, *Winslow* v. *Lumber Co.,* 32 Minn. 238, 20 N. W. 145. As used in the findings, the verbal form of the term means that all the parties understood that the mortgages called for by the contract were to be valid mortgages. That being their understanding,

that was their contract. For when a contract is to be construed it is construed to mean just what the parties intended and understood it to mean. This is the primary rule in the construction of contracts.

That we have correctly construed the clause of the findings above referred to is verified by the decree which was made by the same chancellor who made the findings. The decree says: ''From said finding of facts it being evident that when the said real estate and personal property were bargained for by said defendants, it was understood between the parties that a valid real and personal property mortgage was to be given to the plaintiff,'' etc. While the decree cannot be referred to to supplement the findings—it only purports to construe them—it may be referred to to ascertain the meaning of the findings, since it was made by the same chancellor.

The defendants have not fulfilled their agreement. They have not given valid mortgages on the property. The result is that the defendants have the property, and the orator has no security. To the claim that no fraud has been perpetrated by the defendants, the answer is that there will be if the orator's remedy fails here. Equity does not tolerate such a result. We recently approved the doctrine that in equity a trust is implied whenever the circumstances are such that the person taking the legal estate, whether by fraud or otherwise, cannot enjoy the beneficial interest without violating the rules of honesty and fair dealing. *Miller* v. *Belville*, 98 Vt. 243, 247, 126 Atl. 590. That rule just fits this case. See, also, *Cutting's Admx.* v. *Cutting*, 91 Vt. 395, 397, 100 Atl. 911. Then, too, the case comes squarely within the rule laid down in *Chapman* v. *Long*, 66 Vt. 656, 658, 30 Atl. 3, that when parties enter into an agreement which both understand was to be expressed in two instruments, and one of these turns out to be invalid, this should not be allowed to result in making the other stand as the fulfillment of the agreement. Certain technical defects in the bill are urged upon our attention, but we find nothing of consequence that was not waived by failing to demur. The question of the orator's care and prudence is not involved. *Smith* v. *Martin*, 93 Vt. 111, 121, 106 Atl. 666.

The defendants contend that the orator is barred by the action brought on the note, which, they say, amounted to an election of his remedy. True it is, that you cannot affirm and

disaffirm the same voidable contract. *White* v. *White,* 68 Vt. 161, 165, 34 Atl. 425; *Holbrook* v. *Quinlan,* 84 Vt. 411, 420, 80 Atl. 339. Whenever you elect one of two or more inconsistent remedies, the others are barred. The assertion of one is a negation of the others. But the term ''election'' as here used implies an intelligent and intentional choice; and when the first remedy is availed of in ignorance of the existence of the others, whether that ignorance is, strictly speaking, of essential facts or law, equity in the absence of injury to third persons or of the elements of a full estoppel, may relieve one from this effect of his improvident act. *Standard Oil Co.* v. *Hawkins* (C. C. A.), 74 So. 395, 33 L. R. A. 739, 741; *Watson* v. *Watson,* 128 Mass. 152, 155; *Behr* v. *Soth,* 178 Minn. 278, 212 N. W. 461, 464. See, also, *Frederickson* v. *Nye,* 110 Ohio St. 459, 144 N. E. 299, 35 A. L. R. 1163, and cases cited. That one must act understandingly appears from *White* v. *White,* 68 Vt. 161, 165, 34 Atl. 425, 426, where Judge Rowell, says, in speaking on this subject, ''any decisive act done with knowledge of the facts, constitutes an election.'' That he did not intend to exclude ignorance of the law from a place in the rule appears from the fact that he approves Chancellor Kent's rule that ''any decisive act of the party, with knowledge of his rights and the facts,'' amounts to an estoppel. *Sanger* v. *Wood,* 3 Johns. Ch. (N. Y.) 416, 422. In that case the plaintiff brought suit at law on a contract, and a few days before the trial, discovered facts amounting to a fraudulent concealment by the defendant. But he proceeded with his law action and prosecuted it to judgment. He afterwards brought a bill in equity for relief against the contract by reason of the fraud. The chancellor held that the plaintiff was bound by his election, but says in effect that if the plaintiff had not proceeded in the suit at law after he discovered the fraud, no binding election would have resulted. An election of remedies is an affirmative defense, and must be set up in a plea or answer in order to be available. *Stein* v. *McAuley,* 147 Iowa, 630, 125 N. W. 336, 27 L. R. A. (N. S.) 692, 140 A. S. R. 332, 335; *World's Fair Mining Co.* v. *Powers,* 224 U. S. 173, 56 L. ed. 717, 721, 32 Sup. Ct. 453; *Henry* v. *Herrington,* 193 N. Y. 218, 86 N. E. 29, 20 L. R. A. (N. S.) 249. The burden of proof is on him who sets it up. *Powers* v. *Russell,* 13 Pick. (Mass.) 69, 77; *Francis* v. *London G. & A. Co.,* 100 Vt. 425, 138 Atl. 780, 781—the burden in equity being where it would

152

be at law. 21 C. J. 548. The findings show that everything that was done in the action at law was done before this suit in chancery was begun. They do not show that when the suit on the note was begun, or at any time before the defendants' answer herein was filed, the orator knew or ought to have known that his mortgages were invalid or that the defendants raised any question about their being valid encumbrances on the property.

In the circumstances the doctrine of election of remedies will not avail the defendants.

*Decree affirmed and cause remanded.*